## McCarty v. Kinsey.

[No. 18,781. Filed April 18, 1900.]

PLEADING.—*Former Adjudication.*—The answer of former adjudication is not founded on the pleadings in the former suit, and it is not necessary to file with such answer a copy of the pleadings in the former suit as an exhibit. *p. 447.*

FORMER ADJUDICATION.—*Slander.*—*Superior Courts.*—*Jurisdiction.* —The Marion Superior Court has no jurisdiction of actions for slander, and a judgment for defendant in such court in an action for damages for assault and battery and slanderous words used by defendant during the altercation, will not constitute a bar to an action in the circuit court for slander. *pp. 448-450.*

From the Marion Circuit Court. *Reversed.*

*F. W. Cady,* for appellant.

*J. S. Duncan, C. W. Smith, H. H. Hornbrook* and *Albert Smith,* for appellee.

MONKS, J.—Appellant brought this action to recover damages for an alleged assault and battery committed by appellee upon the person of appellant, and for alleged slanderous words uttered by appellee of and concerning appellant at the time of the commission of said assault and battery, and as a part of the same transaction. Appellee filed an answer of former adjudication, to which appellant filed a demurrer for want of facts, which was overruled. Appellant refused to plead over, and final judgment was rendered against him.

The only error assigned calls in question the action of the court in overruling appellant's demurrer to the answer of former adjudication.

It is first insisted that the answer was insufficient because no copy of the pleadings in the former case was filed with said answer and made a part thereof. The answer of former adjudication is not founded on the pleadings in the former suit, and it is not necessary, therefore, to file with such answer a copy thereof as an exhibit. 1 Woollen's Tr. Proc.

§1858, and cases cited; *Campbell* v. *Cross*, 39 Ind. 155; *Allen* v. *Randolph*, 48 Ind. 496; *Wilson* v. *Vance*, 55 Ind. 584; *Richardson* v. *Jones*, 58 Ind. 240; *Mull* v. *McNight*, 67 Ind. 525; *McSweeney* v. *Carney*, 72 Ind. 430.

It is next insisted that said answer is insufficient because the Marion Superior Court, in which the former suit is alleged to have been tried and determined, had no jurisdiction of actions for slander. In this State superior courts have no jurisdiction of actions for slander. §1404 Burns 1894, §1351 R. S. 1881 and Horner 1897. It will be observed, however, that the action was brought to recover damages for assault and battery, and for slanderous words uttered at the same time and as a part of the same transaction. Superior courts have jurisdiction of actions to recover damages for assault and battery. §1410 Burns 1894, §1357 R. S. 1881 and Horner 1897. The language used by the parties during the altercation is admissible in evidence as a part of the *res gesta*. *Baker* v. *Gausin*, 76 Ind. 317.

In actions for assault and battery the plaintiff recovers damages not only for the physical and mental suffering caused by the injury, but also for the humiliation, degradation, shame, loss of honor and good name, and mental suffering, if any, caused by the assault and battery and the language used by the defendant during the altercation. *Taber* v. *Hutson*, 5 Ind. 322, 61 Am. Dec. 96; *Little* v. *Tingle*, 26 Ind. 168; *Lake Erie, etc., R. Co.* v. *Fix*, 88 Ind. 381, 45 Am. Rep. 464; *Wolf* v. *Trinkle*, 103 Ind. 355, 357, and cases cited.

As the language used by the parties during an altercation may be given in evidence, and considered by the jury in determining the damages to be awarded, the mere fact that the language used was slanderous would not change the rule. Appellant having sued appellee in the Marion Superior Court to recover damages for assault and battery and slanderous words used by appellee during the altercation, that court had jurisdiction to try and determine the same as an

action for assault and battery, treating the words uttered by appellee as a part of the transaction. The words used gave character to the act of assault and battery, and it was proper for the jury to consider them with all the circumstances in evidence, and the humiliation, degradation, shame and loss of honor, and mental anguish, if any, caused thereby, in determining the amount of damages. If, therefore, appellant had recovered judgment in the action in the superior court it may be, as insisted by appellee, that he would have been concluded thereby from maintaining this action; but it is alleged in said answer of former adjudication that the jury returned a verdict in favor of appellee, and judgment was rendered on the verdict in favor of appellee against appellant.

If upon the trial of said cause in the superior court the slanderous words alleged had been established by a preponderance of the evidence, yet if from any cause the evidence failed to show the assault and battery alleged, or under proper issues if the same was justifiable or excusable, appellant could not, as he did not, recover damages for the alleged slanderous words. *Ireland* v. *Emmerson*, 93 Ind. 1, 47 Am. Rep. 364. This is true for the reason that the superior court had no jurisdiction of actions for slander, and the assault and battery being the substantial cause of action, the slanderous words, if any, uttered during the altercation, could only be considered in estimating appellant's damages under the rule declared in the cases heretofore cited, if the assault and battery were established. The verdict and judgment against the appellant in said cause in the superior court, therefore, could, and did, only find and adjudge that the assault and battery alleged was not committed, or, if committed, that it was excusable or justifiable if the pleadings presented such issue, and adjudged nothing as to the speaking of the slanderous words, if any, uttered by appellant during the altercation. *Ireland* v. *Emmerson*, 93 Ind. 1, 47 Am. Rep. 364. It is clear that said judgment in

favor of appellee in the superior court did not adjudge that the alleged slanderous words were or were not spoken, or if spoken that they were, or were not actionable, and appellant is not, therefore, estopped from maintaining an action therefor. It follows that the court erred in overruling appellant's demurrer to the answer of former adjudication.

Judgment reversed, with instructions to sustain the demurrer to said paragraph of answer, and for further proceedings not inconsistent with this opinion.