## KLINE v. KLINE.

[No. 19,855. Filed May 23, 1902.]

ASSAULT.—*Threats.*—*Damages.*—*Civil Liability.*—Defendant went to the home of plaintiff where she was alone with her children, and by threats to burn the house, and by pointing a pistol at her, caused her to leave her home and seek safety at the home of the nearest neighbor, one mile away. The weather being cold, the exposure caused her to be sick for two or three months. *Held,* that the defendant was guilty of an assault, and that a civil action for damages would lie. *pp. 603–605.*

SAME.—*Wilfulness.*—*Damages.*—*Fright.*—*Mental Suffering.*—In an action for damages for an assault, where it appears that the defendant's acts were wilful, the plaintiff may recover full compensation for the damages sustained, including damages for fright and mental suffering. *pp. 605, 606.*

From Jasper Circuit Court; *J. S. Lairy,* Special Judge.

Action by Addie Kline against Charles M. Kline for damages resulting from an assault. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*D. Fraser, W. H. Isham, W. Cummings* and *W. Darroch,* for appellant.

*J. T. Saunderson, E. G. Hall* and *T. B. Cunningham,* for appellee.

Kline *v.* Kline.

GILLETT, J.—The appellee brought this action against appellant to recover damages for an alleged assault. The evidence shows without dispute the following state of facts: Late in the afternoon of January 2, 1899, appellant went to the home of appellee and her husband, where she was alone with her young children, and told her that he wanted her to move out, that he would help her do so, that he intended to burn the house, and that the sun would never shine on it again. Appellant then went away, but returned in a few minutes. When appellee was advised of his return, she went to the door and found that he had poured kerosene upon the side of the house and was scratching a match, for the seeming purpose of setting fire to the house. When she appeared appellant pointed a gun at her, and told her that if she did not go back in the house he would blow her head off; and then he added that if she did not leave the place he would shoot her and her children. Appellee and her children were greatly alarmed and fled to the home of their nearest neighbor, who lived about a mile away. The air was cold, and appellee was insufficiently clothed; and she testifies that as a result of her exposure she contracted a severe cold that settled in her head and lungs, and caused her to be ill for two or three months. Appellant made no attempt to gainsay the evidence of the outrageous conduct on his part contained in the above recital.

There was a verdict and a judgment for appellee. Appellant's counsel, in a variety of ways, have sought to present the question whether there can be a recovery of damages for mere fright. Apart from any consideration as to whether there was any showing of a present ability to commit the threatened violence, so as to give a remedy for the public wrong, by way of prosecution for assault, we feel clear that there was such an invasion of appellee's private right as would authorize a recovery for such damages as she sustained. Even if we were to grant, for the sake of the argument, that there was not an assault, within the meaning

of our criminal statute, yet there was such an assault as clearly subjected the offender to a civil action at common law. A reputable writer upon the criminal law thus defines the term, assault: "An attempt or the unequivocal appearance of an attempt, with force or violence, to do a corporal injury, and may consist of any act which shall convey, to the mind of the person set upon, a well grounded apprehension of personal violence." 2 Arch. Cr. Pr. & Pl. 41. Whatever may be the changes in the public remedy, the right of private action, in the absence of other legislation, must remain as at common law. Sir William Blackstone, in his book on private wrongs, said: "The rights of persons, we may remember, were distributed into absolute and relative; absolute, which were such as appertained and belonged to private men considered merely as individuals or single persons; and relative, which were incident to them as members of society, and connected to each other by various ties and relations. And the absolute rights of each individual were defined to be the right of personal security, the right of personal liberty, and the right of private property." 3 Wm. Blks. Com., p. *119. Judge Cooley, in his Elements of Torts (p. 29) said: "The right to one's person may be said to be a right of complete immunity; to be let alone. An attempt to commit a battery usually involves an insult, a putting in fear, a sudden call upon the energies for prompt and effectual resistance, and the law for these reasons makes the assault a wrong even though no actual battery takes place". The same learned writer in his work on Torts (note to p. *161) said: "Presenting an unloaded gun at one who supposes it to be loaded, within shooting distance, is not such an assault as can be punished criminally, although it may sustain a civil action." As said by Gilchrist, C. J., in *Beech* v. *Hancock,* 27 N. H. 223, 229, 59 Am. Dec. 373: "One of the most important objects to be attained by the enactment of laws and the institutions of civilized society is, each of us shall

feel security against unlawful assaults. Without such security society loses most of its value. Peace and order and domestic happiness, inexpressibly more precious than mere forms of government, cannot be enjoyed without the sense of perfect security. We have a right to live in society without being put in fear of personal harm. But it must be a reasonable fear of which we complain. And it surely is not unreasonable for a person to entertain a fear of personal injury when a pistol is pointed at him in a threatening manner, when, for aught he knows, it may be loaded, and may occasion his immediate death. The business of the world could not be carried on with comfort if such things could be done with impunity." See, also, *State* v. *Rawles,* 65 N. C. 334, 337.

In this case there was a wilful and distinct invasion of appellee's right of personal security by an act of inchoate violence. We do not doubt that this was actionable. There was a touching of the mind, if not of the body. *Newell* v. *Whitcher,* 53 Vt. 589, 38 Am. Rep. 703; Bishop on Non-Contract Law, §§16, 31, 190, 191, 194, 417.

Having reached the conclusion that an actionable wrong was done appellee by appellant's wilful act, we assert that, as the law imports some damage, she was entitled to recover full compensation, which includes compensation for her mental suffering, even if there was no unlawful touching of the body and no physical injury. While the current of authority supports the doctrine that there can be no recovery for mental suffering, where there has been no physical injury, in ordinary actions for negligence, yet that is not the law as applied to a wilful injury committed against the complaining party.

It was said in the reporter's note to *Wyman* v. *Leavitt,* as reported in 36 Am. Rep. 303, 306: "There can be no doubt that mental suffering forms a proper element of damage in actions for intentional and wilful wrong, and in actions of negligence resulting in bodily injury; but whether it forms

an independent ground of action, disconnected from these facts, is more doubtful." In *Meagher* v. *Driscoll,* 99 Mass. 281, 96 Am. Dec. 759, it was held that a trespasser is bound to make full compensation. The supreme court of Massachusetts, in passing upon the question as to whether a recovery could be had, in an ordinary action for negligence against a carrier, for bodily injury resulting solely from mental distress, gives a pretty thorough exposition of the rationale of the subject of damages for mental suffering. It was said: "Rules of law respecting the recovery of damages are framed with reference to the just rights of both parties; not merely what it might be right for an injured person to receive, to afford just compensation for his injury, but also what it is just to compel the other party to pay.   *   *   *   The law of negligence in its special application to cases of accidents has received great development in recent years. The number of actions brought is very great. This should lead courts well to consider the grounds on which claims for compensation properly rest, and the necessary limitations of the right to recover. We remain satisfied with the rule that there can be no recovery for fright, terror, alarm, anxiety, or distress of mind, if these are unaccompanied by some physical injury; and, if this rule is to stand, we think it should also be held that there can be no recovery for such physical injuries as may be caused solely by such mental disturbance, where there is no injury to the person from without. The logical vindication of this rule is that it is unreasonable to hold persons, who are merely negligent, bound to anticipate and guard against fright and the consequences of fright; and that this would open a wide door for unjust claims, which could not be successfully met. These views are supported by the following decisions [citing cases]. It is hardly necessary to add that this decision does not reach those classes of actions where an intention to cause mental distress or to hurt the feelings is shown, or is reasonably to be inferred, as for example, in cases of seduction, slander,

malicious prosecution, or arrest, and some others." *Spade* v. *Lynn, etc., R. Co.,* 168 Mass. 285, 38 L. R. A. 512, 60 Am. St. 393.

Upon a consideration of the premises and a review of the authorities, we are persuaded that it is proper, where a cause of action accrues to a person through the wilful wrong of another, and damages are thereby sustained by way of fright, to allow therefor, whether the person complaining received any physical injury or not. This conclusion is not out of accord with the case of *Western Union Tel. Co.* v. *Ferguson,* 157 Ind. 64, 54 L. R. A. 846.

As the complaint was sufficient, and the result clearly right upon the evidence, we refuse to reverse for other possible errors that do not, in a substantial sense, relate to the merits.

Judgment affirmed.