WARMELINK v. TISSUE.

1. ASSAULT AND BATTERY—ASSAULT DEFINED.
   Attempt or offer with force and violence to do corporal hurt to another is "assault."

2. SAME—DAMAGES RECOVERABLE WHERE ASSAULT COMMITTED ALTHOUGH NO PHYSICAL INJURY INFLICTED—MENTAL SUFFERING.
   Where deputy sheriffs unlawfully shot at plaintiff's automobile as it proceeded along lonely road at night, in order to compel it to stop, in mistaken belief that it contained notorious criminal, they were guilty of "assault" entitling plaintiff to recover for subsequent nervous prostration caused by shock and fright, although she suffered no actual physical injury.

3. APPEAL AND ERROR—SHERIFF'S BOND—EVIDENCE—INSTRUCTIONS—ASSAULT AND BATTERY.
   In action against sheriff and deputies for damages for personal injuries resulting from deputies' assault, admission of testimony by plaintiff's witness that, when informed of said assault, defendant sheriff admitted liability and said that he was protected by bond, *held*, not reversible error, where trial court instructed jury to disregard all reference to said statutory bond and surety thereon.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 14, 1932. Docket No. 140, Calendar No. 36,202.) Decided March 2, 1932.

On right to recover for mental suffering caused by an assault where no bodily injury is inflicted, see annotation in 25 L. R. A. (N. S.) 976.

Case by Elizabeth Warmelink against William Tissue and others for personal injuries alleged to be due to an assault. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*William J. Branstrom* and *Lou L. Landman,* for plaintiff.

*Willard J. Turner,* for defendants.

BUTZEL, J.   Elizabeth Warmelink, plaintiff, and her husband were returning to their farm at Rothbury, Michigan, on the night of February 5, 1930. They were seated on the front seat of a Ford Model T automobile which plaintiff was driving.   After arriving at Twin Lakes, in order to reach US–21, the main road, they proceeded along the Lakewood road.   It is a dark road with but little traffic.

There had been considerable excitement over the fact that Burke, a notorious murderer, was supposed to be at large and in the vicinity of where plaintiff was traveling.   A reward of $25,000 had been posted for his capture.   Word had reached defendant William Tissue, sheriff of Muskegon county, to the effect that both Burke and another party engaged in the illicit traffic of liquor might be driving a Ford car along the Lakewood road.   Defendants Pardo C. Light and Eugene Potts, deputy sheriffs, were dispatched by the sheriff to capture the men.

The following are plaintiff's claims:   About 11 p. m. she was driving very slowly along Lakewood road when she passed a parked automobile.   She was not given any signal to stop, nor had she any reason to believe that the car was occupied by deputy sheriffs.   She noticed a man looking out of the rear window and also a man started to get out of the car.   She and her husband feared a holdup

and drove past the car. Deputy sheriffs who were in the car, an Oldsmobile, much heavier and faster than plaintiff's car, began to pursue it and came to a stop in front of it. Plaintiff stalled the engine of her car, and after some delay in starting it again, she drove around the larger car and ahead of it. The deputies again gave chase, but this time did not attempt to block the road or to stop plaintiff's car or inform her of their identity. Defendant Light, however, standing on the running board of the car, shot at plaintiff's car about a dozen times. Plaintiff and her husband believed it better to run the chance of escaping rather than stop and place themselves at the mercy of "holdup" men. Three bullets struck plaintiff's car. One penetrated the rear end just above the spare tire, passed through the upholstering of the rear seat, and was later found in back of the front seat of the car. The bullet, as well as the car with the holes in it, was exhibited to the jury. Plaintiff drove the car to the first building that was lighted up and brought it to a stop. The deputies in the meantime had caught up to plaintiff's car, and, as her husband stepped out, pointed a gun at him and cursed him. They searched the Ford car and found nothing but a loaf of bread. Plaintiff claims that they also cursed her. She showed that she was so prostrated by fright and nervous shock that she had to go to Hackley hospital in Muskegon, where she remained 13 days, and, upon her return home, she was bedridden six or seven weeks. Plaintiff further offered testimony showing that, when defendant Tissue was remonstrated with, he denounced the actions of the deputies and stated that he was bonded by a surety company against the consequences of such acts.

Defendants, on the other hand, claim that they acted properly in the course of their duties; that it was after midnight that plaintiff's car approached their waiting car; that before plaintiff's car reached them, they turned on the lights of their car which had a stop light on the fender; that defendant Light got out of the car, showed his badge to the occupants of the Ford car, and told them that he was a deputy sheriff; that plaintiff's car was driven suddenly towards him and that, to avoid being run into, he had to jump on the running board of the sheriff's car; that this action occurred three times, and that they suspected that the occupant of the car was Burke, and that he was trying to get away. They further claim that plaintiff suffered no physical injury, that the damages she complains of resulted solely from shock and fright and not from any impact or touching of her person in any manner. The issue so sharply drawn was submitted to the jury, who rendered a verdict in favor of plaintiff in the sum of $750.

A large number of questions are raised on appeal, but we shall restrict our discussion solely to the ones that are discussed in the brief. It is claimed that because there was no physical injury to plaintiff, she cannot recover for nervous prostration solely due to fright. The case of *Nelson* v. *Crawford,* 122 Mich. 466, 470 (80 Am. St. Rep. 577), is relied on. In *Alexander* v. *Pacholek,* 222 Mich. 157, in approving the principle laid down in *Nelson* v. *Crawford, supra,* the court said:

"Many of the cases are reviewed in the opinion and the conclusion is reached that what defendant did was not an assault and that no damages could be recovered for fright and mental distress, because there was no physical injury. * * * The case is

devoid of any evidence of assault, and, if we apply the rule laid down in *Nelson* v. *Crawford, supra,* the defendant was entitled to a directed verdict.''

In the instant case, there was an assault that resulted in the fright and subsequent nervous prostration of plaintiff. An assault has been defined as involving every attempt or offer with force and violence to do a corporal hurt to another. *Drew* v. *Comstock,* 57 Mich. 176, 181. There was a direct attack upon plaintiff notwithstanding the fact that the bullet directed at the car in which she was driving was fortunately stopped in its course and did not strike her. In the case of *Kline* v. *Kline,* 158 Ind. 602 (64 N. E. 9, 58 L. R. A. 397), the court defined an ''assault'' as—

''An attempt or the unequivocal appearance of an attempt, with force or violence, to do a corporal injury, and may consist of any act which shall convey, to the mind of the person set upon, a well-grounded apprehension of personal violence.''

It further said:

''Having reached the conclusion that an actionable wrong was done appellee by appellant's wilful act, we assert that, as the law imports some damage, she was entitled to recover full compensation, which includes compensation for her mental suffering, even if there was no unlawful touching of the body and no physical injury. While the current of authority supports the doctrine that there can be no recovery for mental suffering, where there has been no physical injury, in ordinary actions for negligence, yet that is not the law as applied to a wilful injury committed against the complaining party.''

See, also, *Hickey* v. *Welch,* 91 Mo. App. 4; *Carter* v. *Oster,* 134 Mo. App. 146 (112 S. W. 995); *Leach*

v. *Leach,* 11 Tex. Civ. App. 699 (33 S. W. 703); *Barbee* v. *Reese,* 60 Miss. 906.

Error is further claimed because plaintiff's witness testified that defendant Tissue told her that he was protected against liability by a surety bond. Plaintiff claims that this was part of the conversation with plaintiff's husband when Tissue admitted liability. The court instructed the jury to disregard all reference to the fact that there was a surety on the statutory bond of the sheriff. We find no reversible error. *Sudinski* v. *Krohn,* 242 Mich. 497, 502; *Deffenbaugh* v. *Inter-State Motor Freight Corp.,* 254 Mich. 180.

The other claims of error are not seriously stressed by the defendant, and even if of any merit, they do not constitute reversible error.

The judgment of the lower court is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.