AETNA LIFE INSURANCE COMPANY *v.* BURTON.

[No. 15,630. Filed January 26, 1938.]

*Bracken, Gray & De Fur* and *Frederick S. Caldwell,* for appellant.

*Fred Davis, Clarence E. Benadum, Joseph H. Davis, Nichols & Nichols, Noel Du Comb* and *Robert F. Murray,* for appellee.

KIME, J.—This was an action in tort by a complaint in one paragraph which charged the violation of (1) the appellee's legal right to bury whole the body of her deceased husband, (2) her right to a reasonable notice to the holding of an autopsy, (3) her right as the surviving spouse to the custody of the body of her deceased husband in the same condition as when life departed without desecration or mutilation and (4) her right to dispose of the body by decent interment. To this complaint the appellant, as far as material here, filed a motion to strike out certain parts thereof and upon that being overruled it filed a demurrer which was also overruled. Appellant then filed an answer in three paragraphs, the first of which was a general denial, the second alleged that under the statute, upon performance of certain conditions, the appellant had a legal right to perform an autopsy, and that such conditions had been complied with and the third was to the same effect as the second. The second and third paragraphs of answer were replied to in general denial.

Trial was had to a jury and a verdict for the appellee was rendered in the sum of $2,500.00 and judgment was entered accordingly. Following the overruling of a motion for new trial, the grounds of which were that the verdict was not sustained by sufficient evidence; that it was contrary to law; and error in the giving and refus-

ing to give certain instructions, this appeal was perfected, assigning as error the overruling (1) of the motion for new trial, (2) of the motion to strike out parts of the complaint, and (3) of the demurrer.

The evidence most favorable to the appellee discloses that her husband was some seventy odd years of age and had been in the employ of Joseph A. Goddard Company for forty-seven years; that a few weeks before his death he met with an accident in the course of his employment and injured his hand and wrist; that the company furnished him medical attention from the date of the injury until his death; that the appellee had been married to her deceased husband for more than fifty years and had reared a family of seven children; that on the second day after his death the appellant, through its agents, certain physicians and surgeons, caused an autopsy to be performed upon the body of her deceased husband after it had been embalmed and was in the mortuary awaiting return to her home; that the persons performing the autopsy cut the body from the Adam's apple to four inches below the navel and removed all the organs of the body within those cavities and removed from said organs certain pieces thereof for the purpose of microscopic inspection; that the organs so removed were replaced and the body sewn up in such manner as to leave fluids therein which exuded from the mouth of the decedent.

The appellant sought to have stricken from the amended complaint the following words "said surgeons and doctors, acting as the agents, workmen and employees and representatives of said defendants, with large steel knives, steel saws, steel pliers and steel instruments of various kinds, cut, sawed, mutilated, lacerated and opened the dead body of plaintiff's said husband, removing therefrom the stomach, bowels, heart, lungs, arteries, and other organs, which were cut

into, lacerated, and mutilated by said surgeons and doctors working for said defendants, at defendant's special instance and request, all without the knowledge and consent of plaintiff" and "by reason of the horrible and gruesome cutting, laceration, mutilation, tearing, and sawing of the flesh, veins, heart, lungs, and other vital organs of her said husband, the memory of which is continuously in her mind, haunting her every move and action, she," which they claimed was redundant matter and operated to prejudice the jury. It is never reversible error to refuse to strike out parts of the complaint unless its nature is so impertinent that it reflects on character or is scandalous and we do not believe, in view of the general allegations of the complaint as a whole, that it operated to prejudice the appellant.

The memorandum attached to the demurrer for want of sufficient facts was to the effect that since no actual physical injury was involved that there could be no recovery for mental suffering or anguish and that there must be an allegation that the acts of the appellant must have been willful and wanton with the intention of injuring the appellee, and that the complaint failed to charge that the acts were done willfully, wantonly and intentionally for the sole purpose and with the avowed intent to cause the appellee the mental suffering and mental anguish complained of in her complaint.

We do not see where the appellant's demurrer has any standing whatsoever as it has long been the law in Indiana that mental suffering and mental anguish need not necessarily be accompanied by physical injury where the act was willful or wrongful or was an unlawful act which resulted in the invasion of the legal rights of another. *Wolf* v. *Trinkle et al.* (1885), 103 Ind. 355, 3 N. E. 110; *Renihan et al.* v. *Wright et al.* (1890), 125 Ind.

536, 25 N. E. 822; *McCarty* v. *Kinsey* (1900), 154 Ind. 447, 57 N. E. 108; *Kline* v. *Kline* (1902), 158 Ind. 602, 64 N. E. 9; *Montgomery* v. *Crum* (1928), 199 Ind. 660, 161 N. E. 251; *Meek* v. *State of Indiana* (1933), 205 Ind. 102, 185 N. E. 899, and Restatement of Torts, §312.

There is no necessity for a specific allegation alleging that the act was done with the knowledge of all that would follow. It is enough to allege that the act was intentionally done, the inference following being that it would be likely to produce the result as here alleged. In such class of cases there is no necessity for alleging physical injury and as above indicated the complaint alleged that the injury resulted from wrongful, unlawful, and willful acts which are sufficient in this class of cases. *Bohrer* v. *Dienhart Harness Co.* (1898), 19 Ind. App. 489, 49 N. E. 296; *Beaning* v. *South Bend Electric Co.* (1909), 45 Ind. App. 261, 90 N. E. 786.

Under the ground of the motion for new trial that the verdict was not sustained by sufficient evidence the appellant evidently would have us disregard the verdict of the jury and weigh the evidence. It is their contention that the evidence shows that the appellant had a perfect right to perform the autopsy here. As was stated, the appellee's husband had been in the employ of the Goddard Company and at the time of his death was drawing compensation and the appellant was the insurance carrier of the Goddard Company. Under the Acts of 1929, ch. 172, §27, p. 536, being §40-1227 Burns 1933, §16403 Baldwin's 1934, an autopsy could be held legally by complying with the conditions thereof. Here the appellant's Indianapolis agents ascertained the death of the appellee's husband the day after its occurrence and went from Indianapolis to Muncie that afternoon and it is their theory of the evidence that on arriving

there they secured the written consent of the appellee to the performance of this autopsy. The evidence most favorable to the appellee is that no representative of the appellant called upon, saw, or talked to the appellee on the afternoon that the appellant contends this consent was given. Appellant contends further that appellee not only gave her consent but that she had a representative there but the evidence most favorable to her is that the representative the appellant contends was there in her behalf was there as the paid agent of the appellant and that no representative of the appellee was present at the time the autopsy was performed. The evidence most favorable to appellee is that the agent of appellant secured this signed consent some time later by fraud.

Of course if this autopsy was legally held there is no liability here on the part of the appellant but there is evidence that it was performed wrongfully and illegally if not fraudulently. For the purpose of preservation and interment the surviving widow (in the absence of prior disposition by the decedent of his body) is entitled to possession of the dead body and the law recognizes and will protect such right from unlawful invasion and for violation of such right will compensate the feelings of the surviving widow by way of damages. As was said in *Kline* v. *Kline, supra,* there was a touching of the mind if not of the body and in such case recovery for mental suffering can be had. *Larson* v. *Chase* (1891), 47 Minn. 307, 50 N. W. 238; *Streipe* v. *Liberty Mut. Ins. Co.* (1932), 243 Ky. 15, 47 S. W. (2d) 1004; *Love* v. *Aetna Cas. Co.* (1936), (Tex.) 99 S. W. (2d) 646.

In the main the questions above are raised by the instructions. There is no necessity for reiteration. We have carefully examined the instructions complained of and conclude that the jury was fully and fairly in-

structed. There was no error in giving or refusing to give instructions.

The judgment of the Randolph Circuit Court is in all things affirmed.