**Lillian BERRIER, Plaintiff,**

v.

**BENEFICIAL FINANCE, INCORPORATED, Defendant.**

**Civ. No. 3559.**

United States District Court
N. D. Indiana,
Hammond Division.

Sept. 23, 1964.

William G. Conover, Philip Cagen, Valparaiso, Ind., for plaintiff.

Dale Custer, Gary, Ind., for defendant.

ESCHBACH, District Judge.

This action is before the Court on defendant's motion for summary judgment, filed August 20, 1964, pursuant to Rule 55, Federal Rules of Civil Procedure. On full consideration of the pleadings, briefs, and supporting documents and affidavits, the motion must be granted.

■ The plaintiff claims that the defendant undertook a campaign of harassment, especially by contacting her employer, maliciously designed to coerce her into paying a debt which she and her former husband contracted with defendant. There is some disagreement as to the nature of this claim. The plaintiff contends that she is suing for a wilful tort, that is, the intentional and malicious infliction of mental and physical pain and suffering, and she also claims exemplary damages. In her brief, plaintiff states that her action is not for defamation. Indiana does not recognize as an independent tort the infliction of mental anguish unaccompanied by contemporaneous physical injury or the breach of some other duty. The cases cited by plaintiff, including Aetna Life Insurance Co. v. Burton, 104 Ind.App. 576, 12 N.E.2d 360 (1938), all involve, in addition to the infliction of mental anguish, the breach of some other duty owed to the plaintiff. In Aetna Life Insurance Co. v. Burton, supra, recovery was permitted for mental anguish caused the plaintiff by the defendant's wrongful performance of an autopsy upon the remains of plaintiff's deceased husband. The court stated that "if this autopsy was legally held, there is no liability here on the part of the appellant * * *." Aetna Life Insurance Co. v. Burton, supra, at 362. Furthermore, Indiana has not generally recognized mental anguish, unaccompanied by a contemporary physical injury, as grounds for a recovery in negligence. Boston v. Chesapeake & Ohio Ry. Co., 223 Ind. 425, 61 N.E.2d 326 (1945). If physical injury was inflicted upon Mrs. Berrier, as was alleged, it was a result of mental stress also caused her, rather than inflicted independently of or contemporaneously with the mental stress. No acts of physical violence or contact were alleged. It is just such a recovery for mental anguish that the rule of the Boston v. Chesapeake & Ohio Ry. Co., supra, seeks to preclude. Otherwise, mental anguish intentionally though reasonably caused could support a recovery. The Restatement of the Law of Torts, § 312 (1934), would permit recovery for mental anguish and resultant physical harm *only* where the defendant acted unreasonably.

■■ Even if the mental and physical harm were contemporaneous, the defendant must have violated a duty owed to the plaintiff in order that the plaintiff recover for her injuries. In a negligence action, the duty is one of due care. Here, the plaintiff seeks to protect her interest in freedom from shame, humiliation, and harassment. This interest is recognized in the right of privacy. There is no absolute right to be free from an invasion of privacy because many necessary acts require an intrusion on the feelings of others. Rather, there exists the right to be free from unreasonable invasions of privacy, much as the right to be free from unreasonable invasions of physical security. In Patton v. Jacobs, 118 Ind. App. 358, 78 N.E.2d 789 (1948), the court held that an action for mental anguish for the invasion of privacy was sound in theory. Like the case at bar, Patton v. Jacobs, supra, involved the efforts of the defendant to collect a debt, which efforts included informing the plaintiff's employer. The trial court sustained the defendant's demurrer and the appellate court affirmed, holding that a creditor had a right to *inform* the debtor's employer so long as such information was not "slanderous, libelous, defamatory or coercive. * * *" This case was cited in the leading Ohio opinion of Housh v. Peth, 99 Ohio App. 485, 135 N.E.2d 440 (1955), which was also a debt collection case, wherein the Ohio Court of Appeals affirmed the plaintiff's recovery for the mental anguish caused her by the defendant's unreasonable methods. The Court recognized that a creditor could take reasonable steps to

collect a debt, including informing his debtor's employer, but the harassment there involved went far beyond the bounds of reason. Housh v. Peth, supra, at 449.

Under this view of the instant case, the issue is whether the defendant acted unreasonably and seriously interfered with the plaintiff's interest in not having her affairs known to others. Restatement, Torts § 867 (1939). To find for the defendant on its motion for summary judgment, there must be no genuine issue of reasonableness as to the defendant's conduct. Hartford Accident & Indemnity Company v. Northwest National Bank of Chicago, 228 F.2d 391, 395 (7th Cir. 1955); Mitchell v. Pilgrim Holiness Church Corp., 210 F.2d 879, 881 (7th Cir. 1954); Keehn v. Brady Transfer & Storage Co., 159 F.2d 383, 385 (7th Cir. 1947). It is the opinion of this Court that no genuine issue as to the material fact of the reasonableness of defendant's action is presented and that the motion must be granted.

In her complaint and by brief in opposition to the defendant's motion for summary judgment, the plaintiff claims that her rights were infringed by (1) repeated contacts between the defendant and the plaintiff's employer, including a letter dated March 11, 1963, and (2) by the tenor of a telephone conversation between defendant's agent, C. J. Morton, and plaintiff's attorney, Philip M. Cagen, which call was initiated by Mr. Cagen at the plaintiff's request. As to the first question, the defendant has submitted the affidavit of Mr. Harold D. Emmons, manager of the store which employed the plaintiff and which still employed her on June 12, 1964 when the affidavit was made. Mr. Emmons stated that he had two telephone conversations with a Beneficial Finance Company representative and that the representative asked him to persuade Mrs. Berrier to pay the debt and asked if Mr. Emmons would honor a garnishment so that Mrs. Berrier would not lose her job. In both conversations, the representative was courteous. This affidavit is unopposed by the plaintiff.

These contacts, together with the letter from defendant to plaintiff's employer, attached to plaintiff's complaint as Exhibit A, constituted the entire communication of record between the defendant and plaintiff's employer and could not in any way be termed unreasonable efforts on the part of a creditor to collect a debt by contacting the debtor's employer. Patton v. Jacobs, supra, at 792, established the creditor's right to reasonably inform its debtor's employer, even if it has some coercive effect, and, as a matter of law, this court finds the defendant's conduct reasonable, and there is no genuine question of fact as to the nature of that conduct.

As to the conversation between Mr. Cagen and defendant's representative, the plaintiff claims that Mr. Cagen was told that defendant was interested only in collecting the bill, and Mrs. Berrier's job was of no concern. Although the unopposed affidavit of Mr. Dave Shumate, submitted by the defendant, in which Mr. Shumate identifies himself as the person to whom Mr. Cagen talked, tends to refute the plaintiff's claim, even if the facts are taken as plaintiff claims, they still do not constitute an unreasonable invasion of privacy. If defendant had such a callous attitude and conveyed it to Mrs. Berrier, no one other than her attorney whom she appointed to seek such information heard an expression of this attitude. There could have been no public humiliation from such a communication, nor is it an unreasonable harassment.

The plaintiff does not allege such a personal harassing by telephone calls at all hours of the night as existed in Housh v. Peth, supra. While the plaintiff claims maliciousness and exemplary damages, they cannot be recovered where there is no initial right to recovery.

The combined acts of contacting the plaintiff's employer and the conversation with Mr. Cagen do not produce a course of conduct which this court could, as a matter of law, permit to be found unreasonable or coercive under the tests of Patton v. Jacobs, supra. The business community must be given sufficient lati-

tude to pursue reasonable methods of collecting loans and accounts even though they may, and often do, result in some embarrassment and humiliation.

The motion of the defendant for summary judgment is hereby granted, and the clerk is directed to enter judgment for the defendant.