This case comes to this court from the Circuit Court of Jefferson County. The Circuit Court of Jefferson County found that plaintiff-appellant, Phyllis A. Hembree, *Page 10 
had been properly discharged by the Jefferson County Board of Education, defendant-appellee herein, from her position as a teacher with the Jefferson County public schools. Ms. Hembree now appeals to this court.
The issue before us is whether the trial court erred to reversal by its finding that the employment of plaintiff-appellant was terminated in accordance with applicable law. We find no such error to reversal, and affirm.
The pertinent facts as revealed by the record are as follows:
Plaintiff-appellant was first employed by the Jefferson County school system for the 1973-74 school year. She served that year and the following year at Bradford Elementary School as a Title I reading teacher. Title I is a federally funded program through which children are given remedial reading instruction.
Plaintiff-appellant was discharged from employment as a Title I reading teacher by notice dated May 26, 1975, and received by her prior to the end of the 1974-75 school year.
Suit was filed by plaintiff in the Circuit Court of Jefferson County on November 10, 1975. Plaintiff sought injunctive relief ordering her reinstated to her former position with back pay and seniority, a declaratory judgment that the action of defendant Board of Education was unconstitutional, and monetary damages in the amount of $10,000. As noted earlier, the trial court found that plaintiff was not entitled to the relief sought, and plaintiff appeals.
Able counsel for plaintiff-appellant argues through an excellent brief that plaintiff's dismissal was not in accordance with applicable law. He contends that the notice given plaintiff was defective, and that defendant-Board was estopped to terminate her employment. He also contends that the Board unlawfully delegated its decision-making responsibilities in this regard to its subordinates, thus rendering the decision to discharge plaintiff void. A further contention is that plaintiff was denied due process of law in violation of the United States and Alabama Constitutions. We will discuss plaintiff's contentions in the order of their enumeration.
It is appropriate to note at the outset that plaintiff was not a teacher on continuing service status, in that she had not served under contract as a teacher in the Jefferson County school system for three consecutive years. See Tit. 52, § 352, Code of Alabama 1940.
 I
Controlling here is Tit. 52, § 361 (2), Code of Alabama 1940, which provides as follows in pertinent part:
 "Teacher deemed re-employed for succeeding school year unless notified. — Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered re-employment for the succeeding school year at the same salary, unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed; . . ."
As noted earlier, plaintiff did in fact receive the notice mandated by this Code section.
The Title I program under which plaintiff was employed is federally funded, with the funds being made available to local school systems in late summer. The Board thus does not know until late summer whether it will have sufficient funds to employ for the coming school year all Title I teachers who were employed the previous year. However, § 361 (2), set out above, mandates that all teachers who are not discharged prior to the end of the school year are automatically re-employed for the ensuing year. The defendant Board therefore makes a practice of discharging by the end of each school year all Title I teachers not on continuing service status, and rehiring those which it is financially capable of employing when the amount of federal funding becomes known. *Page 11 
Plaintiff notes that the large majority of Title I teachers discharged in this manner are subsequently rehired. Furthermore, she points out that she had been discharged the previous year in like manner and then rehired. True notice of discharge, she contends, takes place only when teachers are informed that they will not be rehired. As such, she argues that the § 361 (2) notice received by her was a meaningless formality which failed to effectively apprise her that she was in fact permanently discharged and would not be rehired. She did not discover that she would not be rehired until the following July, and asserts that the belated nature of this discovery disadvantaged her considerably in finding new employment.
The conclusion of plaintiff's argument is that she was automatically rehired pursuant to § 361 (2), since the notice received by her failed to inform her that she was discharged, and that the Board by its course of dealing is estopped to not rehire her. We do not agree.
As noted earlier, plaintiff did receive the notice required by § 361 (2). Plaintiff was in fact discharged from her employment at that time. There was no guarantee that plaintiff would be rehired at a latter date; rather, there was only a possibility that she would be re-employed. The notice was thus effectual to convey that plaintiff's employment had been finally terminated. The mere possibility that she might be rehired could not render the notice of discharge defective as being in any manner not final or a sham. Similarly, since the notice was adequate to serve its intended purpose, there obviously can be no estoppel against the Board. As was stated by the learned trial judge in his final order:
 "The Plaintiff argues that the Defendants did not intend that the termination notice be an effective notice inasmuch as the same notice was given the Plaintiff the previous school year and she was thereafter rehired for another year. Based upon her previous years' experience, the Plaintiff might have thought that the notice given her was a mere formality and that she would be rehired for the next school year. Unfortunately for the Plaintiff, hopes and expectations do not create legal obligations."
Although we are sympathetic to those teachers who do not know until late summer if they are to be rehired, we have noted the funding problems peculiar to the Title I program. In light of these problems, we do not find that the Board's action is so unreasonable as to warrant judicial intervention.
It remains to be noted that plaintiff's employment was apparently terminated due to dissatisfaction with her performance as a teacher, rather than due to Title I funding problems. As such, it was known that she would not be rehired when the § 361 (2) notices were sent to all nontenured Title I teachers. In view of our holding that the notice in question was effective as a notice of discharge, this fact is immaterial to our disposition of this case. However, we would point out that it is possible for the Board to notify teachers in situations such as this that they are not being considered for rehiring, without compromising the effectiveness of the § 361 (2) notice as a statement of final discharge.
 II
Plaintiff's argument that the Board unlawfully delegated the responsibility for its decision to discharge her to its subordinates is also without merit. Section 86 of Tit. 52, Code of Alabama 1940, provides:
 "Teachers appointed by county board. — The county board of education shall appoint, upon the written recommendation of the county superintendent, all principals, teachers, clerical and professional assistants authorized by the board. The county board may suspend or dismiss for immorality, misconduct in office, insubordination, or incompetency or wilful neglect of duty, or whenever, in the opinion of the board, the best interests of the school require it, superintendent, principals, teachers, or any other employees or appointees of the board, subject *Page 12 
to the provisions of chapter 13 of this title. (1927 School Code, § 117.)"
The written minutes of the Board of Education recite that plaintiff was discharged by the Board. The language of § 86, set out supra, gives the Board a wide discretion in the dismissal of teachers. An employing Board has the authority to summarily terminate the employment of nontenured teachers at the expiration of their contract. State v. Board of Educationof Fairfield, 252 Ala. 254, 40 So.2d 689; Whittington v.Barbour County Board of Education, 250 Ala. 692, 36 So.2d 83;Robinson v. Jefferson County Board of Education, 5 Cir.,485 F.2d 1381 (1973). See also Board of Regents of State Collegesv. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548.
Plaintiff points out that she unsuccessfully sought to be re-employed during the summer following her termination. The record reveals that the Board itself did not act on this matter, since the Superintendent of Education did not recommend her to the Board for appointment. Plaintiff insists this is an illegal delegation of authority by the Board.
However, Tit. 52, § 86, Code of Alabama 1940, specifically states that the county board of education shall appoint all teachers upon the written recommendation of the countysuperintendent. As such, the superintendent must recommend the appointment of a teacher before the Board is required to act. We do not find this procedure to be offensive to the rights of prospective appointees, since its purpose is to ensure that functions not requiring the Board's action do not deluge it beyond its capacity to function. There was therefore no proscribed delegation in this instance.
It appears that the Board also relied upon the recommendation of its subordinates in dismissing plaintiff. Similarly, no illegality inheres in this action. It would be an administrative impossibility for the Board to function without reliance upon reports from its subordinates. This is the purpose of § 86 of Title 52, discussed above, requiring written recommendations from the superintendent. We recognize the administrative realities confronting the Board.
Plaintiff's due process contentions remain to be treated. However, we feel they are adequately answered by our above discussion.
There being no error to reversal in the record, the case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.