Charles Gowens was employed as a teacher by the Cherokee County Board of Education in August 1973 for the 1973-74 school year. He was subsequently re-employed for the next two school years with each year's employment being based on a separate written contract. On May 26, 1976, prior to the close of the 1975-76 school year, Gowens received the following letter:
"Dear Mr. Gowens:
 This is to inform you that upon the recommendation of the school trustees you were not re-employed by the Cherokee County Board of Education for the 1976-77 school term.
Sincerely,
 (signed) Ed Arnold, Jr. Superintendent Cherokee County Schools"
Gowens asked for an opportunity to meet with the Board and on July 6, 1976 was allowed to confer with them. With the assistance of counsel, Gowens requested the Board to give the reason or reasons why he *Page 442 
was not rehired for the 1976-77 school term. However, the Board refused to enter into any discussion regarding the reason for their action.
Gowens then filed suit in circuit court seeking declaratory and injunctive relief asking that he be rehired as a teacher. The Board filed a motion to dismiss under Rule 12 (b)(6), ARCP. After a hearing, the motion to dismiss was granted.
At the time Mr. Gowens received notification from the County Superintendent that he would not be re-employed for the 1976-77 school year, he was classified as a non-continuing service status teacher under Title 52, § 352, Alabama Code of 1940 (Recomp. 1958). This designation is most frequently referred to as a non-tenured teacher.
Title 52, § 361 (2), Alabama Code of 1940 (Recomp. 1958), establishes the statutory guidelines for the re-employment of teachers, and provides in pertinent part:
 "Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered re-employment for the succeeding school year at the same salary, unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed . . .."
[Emphasis added.]
There is no dispute that the letter Mr. Gowens received on May 26, 1976 complied with the requirements set out in Title 52, § 361 (2). The primary issue raised by the appellant, Mr. Gowens, concerns what effect should be given to a particular provision contained in a booklet which outlines the personnel policies of the Cherokee County Board of Education. This manual is entitled, "Cherokee County School System Certified Personnel Policies" and on page 17 the following is found:
"Dismissal
 According to law, contracts for probationary or non-tenure teachers may be cancelled by the employing board of education causing notice in writing to be given said teacher on or before the last day of school in which the teacher is employed.
 Although from a legal standpoint no reason is necessary for the dismissal of non-tenure teachers, the policy of the Cherokee County Board of Education shall be as follows:
 a. The principal has made the teacher aware of his weakness.
 b. The principal has made recommendations for improvement.
 c. The principal shall verify that the teacher has not improved or does not show promise of improving to the point of becoming an effective teacher.
 Cancellation of contract of tenure teachers is a detailed legally oriented process. Reference is made to Title 52, Sections 351-361 of the Public School Laws of Alabama for detailed information relative to cancellation of contract of tenure teachers."
It is Gowens' argument that the Cherokee County Board of Education is bound by the rules and regulations contained in this booklet and that the failure of the Board to follow these steps constituted a violation of his constitutional right to due process. It is pointed out that county boards of education are empowered to establish local rules and regulations under Title 52, § 73 Alabama Code of 1940 (Recomp. 1958).
It is not necessary here for this court to consider what effect this local regulation has on this proceeding. Mr. Gowens was not dismissed from his employment as a teacher but rather he was simply not re-employed for the next year. The terms of the 1975-76 contract were fulfilled by both parties to the contract and there is no indication in this record of a breach of the employment contract by dismissal of Mr. Gowens.
The issues raised by Mr. Gowens regarding his claim to a property interest in his job were addressed by this court recently in Foster v. Blount County Board of Education, Ala.,340 So.2d 751 (1976), wherein it was stated: *Page 443 
 "The Alabama Legislature, by enacting the Teacher Tenure Law, has created two classes of teachers in the public schools of this state, those which have a continuing service status (tenured teachers) and those which do not have (probationary or nontenured teachers). The employing boards of education may not summarily terminate a tenured teacher, but may summarily terminate a probationary or nontenured teacher. Title 52, § 351, et seq. See also State v. Board of Education of Fairfield, 252 Ala. 254, 40 So.2d 689 (1949).
. . . . .
 "Under Alabama law, it is not disputed that a nontenured teacher has no right, statutory or otherwise, to be re-employed. However, the nonrenewal of a teacher's contract may entitle him to procedural due process if the reasons for the nonrenewal stigmatizes him, or injures his prospects for future employment. It is also conceded that the Alabama statutes do not require the boards of education to state reasons for the nonrenewal of a nontenured teacher's contract of employment. Of course, the failure to renew one's contract cannot be predicated on the exercise by that person of his constitutional rights. Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).
 The Supreme Court of the United States held in Board of Regents of State Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), that the Constitution does not require an opportunity for a hearing before the renewal of a nontenured teacher's contract, unless the teacher can show that the decision not to renew deprived him of an interest in `liberty' or that he had a `property' interest in continued employment."
340 So.2d at 752.
Mr. Gowens was not entitled to a due process hearing regarding the Board's failure to re-employ him because he has not proved that the reasons for the nonrenewal either stigmatized him or injured his prospects for future employment. In fact this record contains no reference to the reasons behind the Board's action and under the requirements of Title 52, § 361 (2), Alabama Code of 1940 (Recomp. 1958), the Board was not required to specify its reasons.
Finally, Gowens points out that in the letter of May 26th, the following appears:
 "upon the recommendation of the school trustees you were not re-employed . . ."
Gowens argues that because Title 52, § 123, Alabama Code of 1940 (Recomp. 1958), establishes that the responsibility of recommending "dismissal" of teachers is the exclusive prerogative of the County Superintendent the notification he received was faulty and thus void. This issue is not properly raised in this case in that as stated before the action taken by the Cherokee County Board of Education cannot be termed a dismissal, thus it is not proper for this court to address this question here.
Accordingly, the granting of the motion to dismiss was proper and this case is due to be affirmed.
AFFIRMED.
BLOODWORTH, JONES, ALMON and EMBRY, JJ., concur.