Appellants, Helen E. Underwood, Flossie M. Crosley and Locy Lamar Baker, filed this action against the Barbour County Board of Education, its Superintendent, and *Page 23 
the members of the Board, alleging their contracts had been illegally nonrenewed in violation of state and federal law. They sought damages, reinstatement, and back pay. Appellant, Calvin Baxter, filed his complaint against the same parties, which, as amended, was virtually the same. In each case defendants filed motions to dismiss which were transformed into motions for summary judgment when affidavits were offered in support and the deposition of the Superintendent was offered in opposition.
Summary judgment was entered in favor of the Barbour County Board of Education and the other defendants in each case. We affirm.
The material facts in these cases, consolidated on appeal, are undisputed and demonstrate clearly why the trial court entered summary judgment. All of the teachers, parties to these actions, were nontenured. The uncontroverted affidavits and deposition of the Superintendent clearly indicate the Superintendent recommended to the Board that the contracts of all nontenured teachers in Barbour County not be renewed; that upon such recommendation the Board voted not to renew the contracts of the nontenured teachers; that each appellant's contract was not renewed; that each appellant received timely notice of the action of the Board; that each appellant's nonrenewal was considered on an individual basis; that certain nontenured teachers in Barbour County other than appellants were later reemployed, and that appellants were not reemployed.
The uncontroverted material facts further show that appellant-teachers were at no time told, before or after their contracts were not renewed, that any job would be available to them for the next year. Appellants were given no reason for the nonrenewal of their contracts, but were told the reason for nonrenewal was not personal. At no time did the Board or the Superintendent give any indication that appellants were not reemployed because of dishonesty, immorality, or because they were exercising any of their constitutional rights.
Appellants made four basic charges in their complaint: (1) the nonrenewal of the appellants' contracts was unlawful because the Board improperly delegated their statutory duties to the Superintendent; (2) the Board violated Code 1975, §16-24-12, by voting for the nonrenewal of all, or most all of, the nontenured teachers and later reemploying most of them, thus creating an objective expectation upon their part that all nontenured teachers would be reemployed regardless of the nonrenewal notice sent, thereby frustrating the purpose of the statute; (3) the Board's above described practice of employment concerning the nontenured teachers created a property interest in their jobs, and the Board's nonrenewal of their contracts, without a due process hearing, therefore deprived them of property without due process of law; and (4) the action of appellees was arbitrary and capricious, therefore such action deprived appellants of property without due process of law.
In this case there were simply no disputed material facts. The material facts in the case involved whether notice was sent to the appellants as required by Code 1975, § 16-24-12, and whether the Board illegally delegated to the Superintendent the authority to terminate the employment of the appellants in violation of § 16-24-12. That section provides as follows:
 "Any teacher in the public schools, whether in continuing service status or not, shall be deemed offered reemployment for the succeeding school year at the same salary unless the employing board of education shall cause notice in writing to be given said teacher on or before the last day of the term of the school in which the teacher is employed; and such teacher shall be presumed to have accepted such employment unless he or she shall notify the employing board of education in writing to the contrary on or before the fifteenth day of June. The employing board of education shall not cancel the contract of any teacher in continuing service status, nor cause notice of nonemployment to be given to any *Page 24 
teacher whether in continuing service status or not except by a vote of a majority of its members evidenced by the minute entries of said board made prior to or at the time of any such action."
The facts relating to § 16-24-12 are not in dispute. The affidavits filed by appellees and the deposition filed by the appellants were in agreement that appellants all received their notice of nonrenewal before the last day of the school term, that the minutes of the Board meeting had an entry of the Board's unanimous vote to not renew appellants' contracts, and that the Board considered the recommendation of the Superintendent to not renew the appellants' contracts on an individual basis. The appellants were allowed approximately ten (10) months to discover information upon which to base affidavits in opposition to appellees' affidavits and failed to do so. The deposition of the Superintendent did not place any material facts in dispute. There is nothing in that deposition which shows that a genuine issue as to any material fact exists. When a motion for summary judgment is properly made, an adverse party may not rest upon the mere allegations in his pleadings. Ray v. Midfield Park, Inc., 293 Ala. 609,308 So.2d 686 (1975). Consequently, summary judgment was properly granted.
Appellants rely heavily in their complaints, and in briefs, upon the point that there was some question as to whether a certain nontenured teacher named Ashley Craig received notice of nonrenewal of his contract. Mr. Craig was not a party to this action, therefore, it is immaterial to this case whether the Superintendent failed to send Craig a notice or whether Craig was later reemployed. Assuming, arguendo, that Craig was not given notice, this isolated instance of the Superintendent's failure to perform his duty does not show the Board failed to carry out its statutory duty. Furthermore, since Craig was not a party to this case, any issue as to Craig is not material to any claim on the part of the appellants in this case since it was clearly established the appellants did receive their individual notices.
Appellants propose two arguments as to the Board's improper conduct in violation of Code 1975, § 16-24-12. These are: (1) the authority not to renew their contracts was improperly delegated to the Superintendent; and (2) the notices sent to the appellants were ineffective. Under the clear facts of the case, the trial judge properly ruled that appellees were entitled to summary judgment as a matter of law as to both of these contentions.
As to the improper delegation of authority argument, there was simply no weight to be given to appellants' contentions. The minutes of the Board, the affidavits of the Superintendent, and the Superintendent's deposition clearly show the Board voted not to rehire the appellants based on the Superintendent's recommendation. The fact the Board based its decision on the recommendation of the Superintendent did not amount to an improper delegation of its authority. This issue was decided by the Court of Civil Appeals in Hambree v.Jefferson County Board of Education, 337 So.2d 9 (Ala.Civ.App. 1976), and we hereby adopt their opinion, as to that issue, with approval. Neither the fact the Board authorized the Superintendent to send out the notices nor the possibility that the Superintendent might not have carried out his duty to send notices to all nontenured teachers, whom the Board voted not to rehire, constituted an improper delegation of authority. TheHembree court wisely pointed out that it would be an administrative impossibility for a board of education to function without reliance upon help from its subordinates.
Appellants' second contention relating to § 16-24-12 is also without substance. Appellants basically argue that their notices were ineffective because the Board often voted, and did in this instance, not to rehire all the nontenured teachers and the notices sent to the appellants were meaningless formalities since the Board did not make its actual decision regarding hiring until August. The appellants contend that because *Page 25 
of this practice the notices sent out were void. The Court of Civil Appeals rejected this argument in Hembree, supra, and we do likewise. The notices sent appellants were effective. The mere possibility that sufficient funds would be available in August to rehire all nontenured teachers at that time, and the possibility that if such funds were available the Board would decide, in fact, to rehire the same nontenured teachers are not enough to invalidate a notice of nonrehire under § 16-24-12.
Nontenured teachers have a contract to work for a stated period of time. At the end of that period if the local board of education votes not to renew that contract, and sends proper statutory notice to the individual teacher to that effect, neither the board of education nor the teacher has any further contractual obligation one to the other. The school board is free to hire a different teacher for the next year, and likewise, the teacher is free to find other employment. The fact the local school board may adopt a policy of voting not to rehire all nontenured teachers at the end of the year does not affect this contractual relationship. School boards must be allowed to adopt such a policy since, in many instances, they do not know within one day of the end of the school term what amount of money it will have available for the next year. Adopting such a practice has its own limiting detriment because the nontenured teachers are free to seek other employment; consequently, if a school board does adopt such a practice, it takes a risk of losing good teachers. This risk is a safeguard that, in all likelihood, limits the widespread employment of such a practice by school boards.
Finally, the trial judge properly granted summary judgment about appellants' claims that the Board's actions violated their federal and state constitutional due process rights. The cases uniformly hold that such a claim, under the facts of this case, cannot be maintained.
This court has firmly held that a nontenured teacher may be dismissed without any kind of due process hearing unless such a teacher can show that the reasons for his, or her, nonrenewal either stigmatized him, or her, or injured his, or her, prospects for future employment. Gowens v. Cherokee CountyBoard of Education, 348 So.2d 441 (Ala. 1977); and Foster v.Blount County Board of Education, 340 So.2d 751 (1976). The federal cases likewise hold that a nontenured teacher is not entitled to a due process hearing when not rehired unless such a teacher can show he, or she, was stigmatized; his, or her, prospects for future employment were injured; or his, or her, constitutionally protected interests, such as free speech or freedom to associate, were infringed. The Board of Regents ofState Colleges v. Roth, 408 U.S. 564, 92 S.Ct. 2701,33 L.Ed.2d 548 (1972); Perry v. Sinderman, 408 U.S. 593, 92 S.Ct. 2694,33 L.Ed.2d 570 (1972); Carmichael v. Chambers County Board ofEducation, 581 F.2d 95 (5th Cir. 1978); and Kaprelian v. TexasWoman's University, 509 F.2d 133 (5th Cir. 1975). No doubt this court would recognize the infringement of constitutionally protected interests theory.
In this case the appellants have neither alleged nor shown that nonrenewal of their contracts either stigmatized them, or injured their prospects for future employment; nor have they shown that the Board failed to renew their contracts because they were exercising their constitutionally protected rights. Consequently, summary judgment was properly granted as to this aspect of the cases.
For the stated reasons, entry of summary judgment was proper and the judgment is hereby affirmed.
AFFIRMED.
BLOODWORTH, FAULKNER, JONES and ALMON, JJ., concur. *Page 26