This appeal is from a summary judgment granted in favor of defendant General Motors Acceptance Corporation (GMAC) in an action for invasion of privacy brought by plaintiffs Grady and Gayle Hart.
Plaintiff Grady Hart was employed as the minister of education at the Ridgecrest Baptist Church of Dothan, Alabama, on July 15, 1979. Prior to his arrival in Dothan, he had had financial trouble and had become delinquent on payments to GMAC. When he and his wife Gayle arrived in Dothan, the GMAC account was transferred to the Dothan office. In September 1979, Charles Newton, the credit representative for GMAC in Dothan, twice called Reverend Austin Phillips, minister at Ridgecrest Baptist Church, to request Reverend Phillips' aid in encouraging Mr. Hart to make payments on the account. *Page 1256 
Joyce Holloway, an employee of GMAC in the section to which Hart's account was assigned, and her husband Morris Holloway, were also members of Ridgecrest Baptist Church. Mrs. Holloway became aware of Mr. Hart's delinquency and discussed it with her husband. One of the Holloways discussed the Harts' financial problems with Reverend Phillips, who in turn discussed it with the Harts. Some time later, the personnel committee at the church met and after discussing several matters relating to Mr. Hart, asked him to resign, whereupon he refused. On July 6, 1980, at a meeting of the congregation, specially called to discuss Mr. Hart, the congregation voted to discharge him.
Grady and Gayle Hart filed suit against GMAC, alleging a cause of action for invasion of privacy. GMAC filed an answer denying all material allegations of the complaint, and filed a motion for summary judgment with supporting documents. After briefing and oral argument by both parties, the court granted summary judgment on December 29, 1981. The plaintiffs appeal from that judgment. We affirm.
The standard for granting a summary judgment was stated inRyan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala. 1981).
 "It is a long-established rule in this state that on motions for summary judgment, the movant has the burden of negating the existence of any issue of material fact; Plant v. Reid, Inc., 365 So.2d 305
(Ala. 1978); Worley v. Worley, 388 So.2d 502 (Ala. 1980), and if there is a scintilla of evidence supporting the nonmoving party, summary judgment is inappropriate. Studdard v. South Central Bell Tel. Co., 356 So.2d 139 (Ala. 1978). In determining the existence of genuine issues of material fact, the record must be viewed by this Court in a light most favorable to the non-moving party. Papastefan v. B L Const. Co., Inc. of Mobile, 356 So.2d 158 (Ala. 1978)."
Rule 56 (e), Alabama Rules of Civil Procedure, also provides that once a motion for summary judgment has been made and supported as required by the rule, the motion will be granted unless the non-moving party comes forth with an evidentiary or factual showing that there is a genuine issue of material fact for trial. Butler v. Michigan Mutual Insurance Co.,402 So.2d 949 (Ala. 1981). When a motion for summary judgment is made, the non-moving party can not rely upon the mere allegations in his pleadings. Underwood v. Barbour County Board of Education,372 So.2d 22 (Ala. 1979).
The plaintiffs' complaint contained the following allegation in paragraph 6: "That in June of 1980, or sometime thereafter, the defendants discussed the delinquency of the loan . . . to the plaintiff's employer, the Ridgecrest Baptist Church." In the plaintiffs' memorandum in opposition to the motion for summary judgment plaintiffs admitted that GMAC handled the matter professionally except for the acts of its agent-employee Mrs. Holloway. Based on the allegations in the complaint and the admissions in the memorandum, it is clear that only Mrs. Holloway's conduct as agent-employee of GMAC is the basis of the plaintiffs' claim.[1]
The conduct supporting a cause of action for invasion of privacy in the context of debtor-creditor relations involves "the wrongful intrusion into one's private activities in such manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities." LibertyLoan Corp. of Gadsden v. Mizell, 410 So.2d 45, 47 (Ala. 1982);Norris v. Moskin Stores, Inc., 272 Ala. 174, 132 So.2d 321
(1961). Liberty Loan and Norris point out that not every action taken by a creditor to collector will give rise to an action for intrusion and that a test of reasonableness applies. InBerrier v. Beneficial Finance, Inc., 234 F. Supp. 204 (N.D.Ind. 1964), a case with similar facts, the court held that summary *Page 1257 
judgment was proper where plaintiff could show only that the creditor made two telephone calls to the plaintiff's employer and there was no evidence to show that the creditor's conduct was otherwise unreasonable, even if it had some coercive effect.
As pointed out, appellant admits that the conduct of GMAC's agent, Mr. Newton, was not wrongful and was not the basis of this suit. Upon careful examination of the record, we fail to see how the conduct of Mrs. Holloway differed in any material way from that of Mr. Newton. The plaintiffs introduced no evidence showing that Mrs. Holloway or her husband did anything more than seek Reverend Phillips' help in collecting the debt, and in fact the evidence shows that they sought to provide the Harts with financial aid, either personally or through the church. The plaintiffs' complaint avers that defendant's conduct was an "intentional, willful" invasion of the plaintiffs' privacy, but they offered no factual evidence in support of their claim and in opposition to the defendant's motion for summary judgment and supporting evidence. "When no evidence is offered to contradict that presented by the movant, then the court has no alternative but to consider the evidence uncontroverted and summary judgment, if warranted by such evidence, may be entered against the nonmoving party." Butlerv. Michigan Mutual Insurance Co., 402 So.2d 949 (Ala. 1981).
It is apparent from our review of the evidence before the trial court that there was no genuine issue of material fact. The summary judgment was proper and it is hereby affirmed.
AFFIRMED.
FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.
[1] We need not reach the issue of whether Mrs. Holloway was the agent of GMAC with respect to this conduct or whether she as an employee acted within the scope and line of her employment.