**WISHARD MEMORIAL HOSPITAL,**
Defendant-Appellant,

v.

**Kimberly King LOGWOOD, a Minor, Tracy King Logwood and Raymond Logwood, Individually and as Parents and Natural Guardians of Kimberly King Logwood, a Minor, Plaintiffs-Appellees.**

No. 30A01–8703–CV–65.

Court of Appeals of Indiana,
First District.

Sept. 16, 1987.

Rehearing Denied Nov. 20, 1987.

Kevin Charles Murray, Mary M. Lueders, Locke Reynolds Boyd & Weisell, Indianapolis, George B. Davis, Davis & Davis, Greenfield, for defendant-appellant.

D. Bruce Kehoe, Wilson & Kehoe, Indianapolis, for plaintiffs-appellees.

RATLIFF, Chief Judge.

STATEMENT OF THE CASE

Wishard Memorial Hospital brings this interlocutory appeal from the Hancock Superior Court. We reverse.

FACTS

On April 24, 1983, Kimberly King was born to Tracy King and Raymond Logwood at Wishard Memorial Hospital (Wishard). After delivery, Wishard employees took Kimberly to an admission nursery while Tracy was taken to a semi-private room. Her roommate, Darlene Battles, also had recently given birth to a child. Throughout the day, Wishard employees presented the mothers with infant females. The next morning, Tracy and her roommate were presented with the same children. At that time, it was discovered that there was a discrepancy between the wrist name band and the ankle name band on both infants. Each girl had a band identifying her as the Battles child and the Logwood child. Wishard employees were unable immediately to ascertain which infant was the biological child of Tracy Logwood. Thereafter, it was determined that Wishard employees had given the wrong baby to Tracy. However, Tracy was assured of the identity of her child by doctors and hospital personnel following reweighing, remeasuring, and re-footprinting.

Tracy, Kimberly, and Kimberly's father filed a proposed complaint for medical malpractice in the Indiana Department of Insurance pursuant to the Indiana Medical Malpractice Act, Indiana Code section 16–9.5–1–1 *et seq.* One of the named defendants was Wishard. On December 13, 1985,

the Medical Review Board issued its opinion finding that the evidence supported the conclusion that Wishard "failed to comply with the appropriate standard of care and that the conduct complained of was a contributing factor of the resultant damages."

On March 7, 1986, the plaintiffs filed suit in the trial court naming Wishard as the only defendant. After a change of venue to the Hancock Superior Court, Wishard moved for summary judgment. The court denied Wishard's motion. On March 6, 1987, Wishard filed a petition for certification pursuant to Indiana Rules of Procedure, Appellate Rule 4(B)(6). On March 16, 1987, the Hancock Superior Court issued the certification for purpose of interlocutory appeal. Our court then issued an order granting the petition for order accepting interlocutory appeal.

### ISSUE

As phrased in the court below, the following issue is presented:

Whether the negligent placing of a newborn infant in the hands of one not its mother, for a period of hours, constitutes an impact to the infant and to the parents necessary to support their action for emotional distress.

### DISCUSSION AND DECISION

■ In Indiana, the general rule is that a person can recover damages for mental anguish only when it is accompanied by, and results from, a physical injury. *Boston v. Chesapeake and Ohio Railway Co.* (1945), 223 Ind. 425, 428–29, 61 N.E.2d 326, 327; *Lake Erie and Western Railroad Co. v. Johnson* (1922), 191 Ind. 479, 484, 133 N.E. 732, 734; *Naughgle v. Feeney-Hornak Shadeland Mortuary, Inc.* (1986), Ind.App., 498 N.E.2d 1298, 1300, *trans. denied; First Federal Savings and Loan Ass'n v. Stone* (1984), Ind.App., 467 N.E.2d 1226, 1235, *trans. denied; Orkin Exterminating Co. v. Walters* (1984), Ind. App., 466 N.E.2d 55, 61, *trans. denied; Little v. Williamson* (1982), Ind.App., 441 N.E.2d 974, 975, *trans. denied; Baker v. American States Insurance Co.* (1981), Ind.App., 428 N.E.2d 1342, 1349, *trans. de-*

*nied; Indiana Motorcycle Ass'n v. Hudson* (1980), Ind.App., 399 N.E.2d 775, 779; *Kaletha v. Bortz Elevator Co.* (1978), 178 Ind.App. 654, 657, 383 N.E.2d 1071, 1074; *Charlie Stuart Oldsmobile, Inc. v. Smith* (1976), 171 Ind.App. 315, 325, 357 N.E.2d 247, 253, *modified on other grounds on rehearing* (1977), 175 Ind.App. 1, 369 N.E.2d 947, *trans. denied; Kalen v. Terre Haute and Indianapolis Railroad* (1897), 18 Ind.App. 202, 206, 47 N.E. 694, 695; *see also Leatherman v. Gateway Transportation Co.* (7th Cir.1964), 331 F.2d 241, 245 (applying Indiana law). Our courts have been reluctant to award damages for emotional distress for fear of a flood of fictitious claims with the potential for unlimited liability. *Charlie Stuart,* 171 Ind.App. at 325, 357 N.E.2d at 253. However, there is an exception to this general rule:

> "Indiana courts have awarded compensatory damages for mental anguish unaccompanied by a physical injury in certain tort actions involving the invasion of a legal right which by its very nature is likely to provoke an emotional disturbance. False imprisonment and assault actions are examples of instances in which a disagreeable emotional experience would normally be expected to be inextricably intertwined with the nature of the deliberate wrong committed, thereby lending credence to a claim for mental disturbance. The conduct of the defendant in such circumstances is characterized as being willful, callous, or malicious, which may produce a variety of reactions, such as fright, shock, humiliation, insult, vexation, inconvenience, worry, or apprehension."

*Id.* at 327, 357 N.E.2d at 254.

■ In the present case, the plaintiffs allege that they are entitled to damages for emotional distress. However, none of the plaintiffs sustained a contemporaneous physical injury accompanying the emotional anguish. Under our well established case law, the plaintiffs' claim clearly must fail. We reject their argument that Tracy holding the wrong baby and Kimberly being held by the wrong mother is sufficient to sustain emotional damages. Absent a con-

temporaneous physical injury, the plaintiffs simply cannot recover.

There is also no evidence whatsoever that Wishard willfully or intentionally caused the unfortunate mishap. Therefore, the plaintiffs cannot assert that their claim falls within the exception to the general rule. In short, if Indiana's physical injury rule (sometimes called the impact rule) is to be changed, our legislature is the proper forum, not this court.[1]

The plaintiffs argue that the Medical Malpractice Act abrogated the physical injury rule. In particular, they emphasize the Medical Review Board's finding that Wishard "failed to comply with the appropriate standard of care...." We concede that Wishard did in fact fail in fulfilling its obligations to the plaintiffs. However, to successfully bring this suit, the plaintiffs had to prove three elements: a duty, a breach of that duty, and damages. Here, without a physical injury, Indiana does not recognize emotional distress as a compensable injury. Furthermore, we see nothing in the Medical Malpractice Act which expressly or impliedly changes the general rule requiring a contemporaneous physical injury.

Because there is no genuine issue of material fact and Wishard is entitled to summary judgment, we reverse the trial court. Judgment reversed with directions to enter summary judgment in favor of Wishard.[2]

ROBERTSON and CONOVER, JJ., concur.

---

1. We further reject the plaintiffs' argument that a physical injury occurred when, on April 24, 1983, Darlene Battles fell asleep with Kimberly in her arms and dropped the baby, allowing the baby to hit her head on the bed rail. First, the plaintiffs failed to come forth with any affirmative evidence of the baby's injuries as a result of the alleged incident. Second, the alleged injury was not contemporaneous with any emotional distress. Third, there was no fault on the part of Wishard's implicated in this incident.

2. Since the trial court only certified the issue of whether there was "impact" to warrant damages for emotional distress, we will not address the plaintiffs' argument concerning Wishard's breach of an implied contract as justifying emotional distress damages. We assume that the trial court did not rely upon this issue when it denied Wishard's motion for summary judgment. However, we note that this issue was decided by implication in Wishard's favor in *Naughgle, supra.*