**Martha D. FOX, Plaintiff,**

v.

**TERRE HAUTE INDEPENDENT BROADCASTERS, INC. d/b/a WBAK–TV 38, Defendant.**

**No. TH 86–321–C.**

United States District Court, S.D. Indiana, Terre Haute Division.

Dec. 14, 1988.

Mary Lous Reynolds, Gerald McGlone, McGlone & Bough, Terre Haute, Ind., for plaintiff.

Mryl O. Wilkinson, Patrick, Wilkinson, Goeller & Modesitt, Terre Haute, Ind., Frank P. Pinchak, Hutcheson, Moseley, Pinchack, Powers & Disheroon, Chattanooga, Tenn., for defendant.

ENTRY

TINDER, District Judge.

■ This cause comes before the court upon defendant's Motion to Strike. Although defendant's motion is designated a Motion to Strike, a Motion to Strike is an inappropriate method to obtain the relief

that the defendant requests herein. With respect to Count II, defendant is in actuality seeking a judgment on the pleadings and with respect to Count III defendant seeks to dismiss the count for failure to state a claim upon which relief may be granted. Therefore, the court will treat the Motion to Strike as a Motion for Judgment on the Pleadings as it relates to Count II and a Motion to Dismiss as it relates to Count III.* The court being duly advised hereby GRANTS said Motions.

### A. Pain and Suffering and Punitive Damages Under the ADEA

In Count II of her complaint for damages, the plaintiff alleges that the defendant intentionally and willfully discriminated against her, because of her age in violation of the Age Discrimination in Employment Act (ADEA). Plaintiff seeks liquidated damages, punitive damages, and compensatory damages for pain and suffering resulting from defendant's allegedly discriminatory conduct.

The defendant maintains that it is well-established by a majority of United States Courts of Appeal that compensatory damages for pain and suffering and punitive damages are not available under the ADEA. The plaintiff counters that "[i]t is not true, as the defendant states, that every United States Court of Appeals has disallowed compensatory damages for pain and suffering for violation of the ADEA." Plaintiff's Brief in Opposition to Defendant's Motion to Strike Counts II and III of Plaintiff's Complaint p. 4. The plaintiff then advances that there is a split of authority on this issue citing this court to opinions from various United States District Courts. Plaintiff's citation of authority to District Court Opinions is of no persuasive value, especially in light of the overwhelming weight of authority from United States Courts of Appeal prohibiting such recovery under the ADEA. *See, e.g., Hill v. Spiegel, Inc.,* 708 F.2d 233, 236 (6th Cir.1983); *Fiedler v. Indianhead Truck Line,* 670 F.2d 806 (8th Cir.1982); *Naton v.*

*Bank of California,* 649 F.2d 691 (9th Cir. 1981); *Slatin v. Stanford Research Institute,* 590 F.2d 1292 (4th Cir.1979); *Vazquez v. Eastern Air Lines, Inc.,* 579 F.2d 107 (1st Cir.1978); *Dean v. American Security Insurance Co.,* 559 F.2d 1036, 1038 (5th Cir.1977), *cert. denied,* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Rogers v. Exxon Research and Engineering Co.,* 550 F.2d 834 (3rd Cir.1977), *cert. denied,* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978).

A Motion for Judgment on the Pleadings is generally not favored and courts apply a fairly restrictive standard in ruling on the motion. In order to prevail, the movant must establish that no genuine issues of fact remain and that he is entitled to judgment as a matter of law. 5 C. Wright and A. Miller, Federal Practice and Procedure § 1368 (1969). That is, the defendant's motion is only to be granted if it "appears to a certainty that plaintiff is entitled to no relief under any state of facts." *Id.*

█ In this instance, plaintiff seeks to recover compensatory damages for pain and suffering and punitive damages for defendant's willful and intentional violation of the ADEA. In *Pfeiffer v. Essex Wire Corp.,* 682 F.2d 684 (7th Cir.1982), the Seventh Circuit Court of Appeals addressed the precise issue of this case. The *Pfeiffer* court held:

> in light of language of the Act, the statutory context, and the legislative purpose as expressed in the remedial scheme and legislative history, *we find, in accord with the overwhelming weight of authority, that punitive damages and damages for pain and suffering are not available under the ADEA.*

*Id.* at 687–88 (emphasis added); *See also Orzel v. City of Wauwatosa Fire Dep't,* 697 F.2d 743, 746 n. 5 (7th Cir.1983) (neither punitive damages nor damages for pain and suffering are available under the ADEA). These cases definitively establish that neither the damages for pain and suf-

---

* *See Hartford–Empire Co. v. Glenshaw Glass Co.,* 47 F.Supp. 711 (W.D.Penn.1942) (where motion to strike constituted in effect motion for judg-

ment on pleadings and motion to dismiss for failure to state a claim, the motions would be considered as such).

fering nor the punitive damages which the plaintiff seeks in Count II are available under her theory of discrimination in violation of the ADEA. Therefore, the defendant's Motion for Judgment on the Pleadings is GRANTED and Count II of plaintiff's complaint is dismissed except to the extent that it seeks liquidated damages for a willful violation of the ADEA. Plaintiff's claim for liquidated damages contained in Count II is appropriate under the ADEA, provided she sustains her burden with respect to proving that any violation of the ADEA in this instance was willful within the meaning of that term for purposes of the ADEA. Therefore, the portion of the claim requesting liquidated damages remains viable.

### B. Intentional Infliction of Emotional Distress

In Count III of her complaint, the plaintiff seeks recovery for mental suffering under a theory of intentional infliction of emotional distress. It is well-settled under Indiana law that damages for mental anguish are recoverable only when it is accompanied by, and results from, physical injury. *Wishard Memorial Hosp. v. Logwood*, 512 N.E.2d 1126, 1127 (Ind.App. 1987); *Naughgle v. Feeney–Hornak Shadeland Mortuary*, 498 N.E.2d 1298, 1300 (Ind.App.1986); *Charlie Stuart Oldsmobile, Inc. v. Smith*, 171 Ind.App. 315, 357 N.E.2d 247, 253 (1976). This so called impact rule has arisen in response to the fear of a "flood of fictitious claims carrying with it potential for imposing unlimited liability." *Charlie Stuart Oldsmobile*, 357 N.E.2d at 253. The Indiana courts have embraced the notion that an accompanying physical injury tends to more readily ensure genuineness of the mental anguish alleged.

Indiana has recognized an exception to the impact rule in certain limited circumstances. In *Charlie Stuart Oldsmobile*, the Indiana Court of Appeals articulated the exception as follows:

Indiana courts have awarded compensatory damages for mental anguish unaccompanied by a physical injury in certain tort actions involving the invasion of a legal right which by its very nature is likely to provoke an emotional disturbance. False imprisonment and assault actions are examples of instances in which a disagreeable emotional experience would normally be expected to be inextricably intertwined with the nature of the deliberate wrong committed, thereby lending credence to a claim for mental disturbance. The conduct of the defendant in such circumstances is characterized as being willful, callous, or malicious, which may produce a variety of reactions, such as fright, shock, humiliation, insult, vexation, inconvenience, worry, or apprehension.

171 Ind.App. at 327, 357 N.E.2d at 254, *cited with approval in Naughgle*, 498 N.E. 2d at 1300 and *Logwood*, 512 N.E.2d at 1127.

■ The exception has on occasion expanded to cover situations other than an assault or false imprisonment case. *See Montgomery v. Crum*, 199 Ind. 660, 161 N.E. 251 (1928) (mental suffering may be taken into account as an element of compensatory damages for abduction of child); *Harness v. Steele*, 159 Ind. 286, 64 N.E. 875 (1902) (humiliation and mortification resulting from public arrest are proper elements of damage in an action for false imprisonment); *Kline v. Kline*, 158 Ind. 602, 64 N.E. 9 (1902) (plaintiff willfully assaulted but sustained no physical injury; fright and mental suffering proper elements of damages); *Pennsylvania Co. v. Bray*, 125 Ind. 229, 25 N.E. 439 (1890) (plaintiff may recover for the indignity of being wrongfully ejected from train); *Haymond v. Saucer*, 84 Ind. 3 (1882) (loss of peace and mental serenity are proper elements of compensatory damages in seduction action); *Aetna Life Ins. Co. v. Burton*, 104 Ind.App. 576, 12 N.E.2d 360 (1938) (widow may recover for mental anguish suffered as a result of unauthorized autopsy where the unlawful conduct was intentional and could be reasonably expected to produce such an emotional disturbance); *Indiana R.R. Co. v. Orr*, 41 Ind.App. 426, 84 N.E. 32 (1908) (although plaintiff was not physically touched, he may recover

damages for mental anguish caused by wrongful ejection from street car); *Golibart v. Sullivan*, 30 Ind.App. 428, 66 N.E. 188 (1903) (mental suffering is element of damages in assault and false imprisonment action). However, in general the exception is rarely applicable and for the most part Indiana has steadfastly maintained the impact rule as a prerequisite for recovery in emotional distress cases. Indeed, if this court were to give the exception the broad interpretation advanced by the plaintiff herein, the exception would almost certainly devour the rule.

None of the cases which have applied it sufficiently extend the exception to encompass the plaintiff's claim of discriminatory discharge in violation of the ADEA. The plaintiff's claim does not logically fall within the narrow category of exceptions to the impact rule in Indiana. This court cannot abandon the impact rule under the guise of forcing it into a recognized exception which simply does not include the plaintiff's claim within its protection. As such, Count III of the plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted. The narrow exception to the impact rule does not apply in this instance and the plaintiff suffered no physical injury concurrent with her alleged mental anguish. Count III of the plaintiff's complaint improperly seeks damages for mental anguish in that the impact rule has not been satisfied; therefore, the cause must be dismissed.

Finally, the court notes that if it were to recognize the plaintiff's claim for emotional distress damages absent physical injury, the natural consequence would be an abandonment of the employment-at-will doctrine in Indiana. If a plaintiff were permitted to file suit for the intentional infliction of emotional distress because she was terminated by her employee, the employer would face the possibility of being sued every time it decided to fire an employee. Plaintiff advances a creative method for emasculating the doctrine of employment at will; however, such action is properly within the province of the Indiana legislature. This court cannot change the law in a backhanded manner by determining that discharging an employee is an action which falls within the very narrow exception to the impact rule, when the exception has never been construed to include a claim similar to that of the plaintiff. For all of the foregoing reasons, the defendant's Motion for Judgment on the Pleadings as it relates to Count II and its Motion to Dismiss Count III of the plaintiff's complaint are hereby GRANTED.

## JUDGMENT

The court having this day filed its entry in the above-entitled cause, now therefore, in accordance therewith,

IT IS ORDERED AND ADJUDGED that the plaintiff take nothing by way of Count II of her complaint, except to the extent that she claims liquidated damages for defendant's alleged willful violation of the ADEA and that the plaintiff take nothing by way of Count III of her complaint. The plaintiff's cause of action in Count II for punitive damages and pain and suffering under the ADEA is hereby DISMISSED. Additionally, the plaintiff's cause of action for intentional infliction of emotional distress under Count III of her complaint is DISMISSED.