Winnie Lois BOWLEN, Teresa Dawn
Hignite, Donna Lee Hobbs, and
Deloris Ann King, Appellants–Plaintiffs,

v.

ATR COIL COMPANY, INC., and David
A. Wiley, Individually and as the General Manager and Secretary of ATR
Coil Company, Inc., Appellees–Defendants.

No. 53A01–8911–CV–466.

Court of Appeals of Indiana,
First District.

May 17, 1990.

Rehearing Denied July 11, 1990.

Michael C. Kendall, Fillenwarth Dennerline Groth & Baird, Indianapolis, for appellants-plaintiffs.

George J. Zazas and Lester H. Cohen, Barnes & Thornburg, Indianapolis, for appellees-defendants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Winnie Lois Bowlen, Teresa Dawn Hignite, Donna Lee Hobbs, and Deloris Ann King (collectively, the workers), appeal the dismissal of their complaint alleging wrongful discharge and the intentional infliction of emotional distress by the ATR Coil Company and David A. Wiley, general manager and secretary of ATR Coil Company (collectively, ATR). The trial court determined that Indiana law could not provide the workers with a remedy because ATR had a federally protected right under the National Labor Relations Act (NLRA),[1] to discharge supervisory employees for engaging in union activities. We affirm.

## FACTS

The workers were employed in supervisory positions at ATR. On the weekend of June 12, 1988, the workers attended a par-

1. 29 U.S.C. § 151 *et seq.*

ty sponsored by the Laborer's International Union of North America, Local 909 (the union). The workers also signed cards indicating that they wanted this union to serve as their collective bargaining representative. On the following Monday, June 13, 1988, David A. Wiley, general manager of ATR, summoned the workers to his office where he questioned the workers about the union's activities, and the workers' knowledge of and participation in any such activities. Ten days later on June 23, 1988, Wiley again summoned the workers to his office at which time he informed the workers that their services were no longer needed at ATR.

On August 11, 1988, the workers filed an unfair labor practice charge with the National Labor Relations Board (NLRB), alleging that they were terminated because of their union activity and their refusal to report on the union activities of other ATR employees. The NLRB refused to issue a complaint, finding that ATR's conduct was not prohibited under the NLRA and that the workers were supervisors and, therefore, not protected by the Act. On September 20, 1988, the General Counsel of the NLRB upheld this determination.

On September 30, 1988, the workers filed a complaint in the Monroe County Superior Court alleging wrongful discharge[2] and the common law tort of intentional infliction of emotional distress. The workers requested compensatory and punitive damages, and injunctive relief. The trial court determined that the workers' cause of action was preempted by federal law and dismissed the complaint against ATR. From this determination, the workers now appeal.

### ISSUE

1. Whether the trial court correctly dismissed the workers' wrongful discharge action when ATR discharged the workers pursuant to a federally protected right to discharge its supervisors for engaging in union activities.

2. Whether the trial court correctly dismissed the workers' claim of intentional

2. *IND. CODE* § 22-7-1-1 *et seq.*

infliction of emotional distress when the workers failed to allege an underlying tort.

### DISCUSSION AND DECISION

■ The present action is an appeal from the granting of an Ind. Trial Rule 12(B)(6) motion to dismiss. In reviewing the dismissal of a complaint, the court of appeals must determine whether, in a light most favorable to the plaintiffs and with all inferences regarded in their favor, the complaint is sufficient to state a valid claim. *Sheridan v. Town of Merrillville* (1981), Ind.App., 428 N.E.2d 268, 270. The facts stated in the complaint must be taken as true, and only where it appears that under no set of facts could the plaintiffs be granted relief is dismissal deemed appropriate. *Thiele v. Indiana Department of Highways* (1985), Ind.App., 472 N.E.2d 1274, 1275.

### ISSUE ONE

The workers first claim that the trial court erred in determining that their state law based claim of wrongful discharge was preempted by federal legislation. The complaint filed by the workers alleged that ATR "willfully, knowingly, and intentionally terminated [the workers] for exercising their right to select, associate with, belong to, and organize a local union or bargaining representative at their place of employment," and that such actions were "in violation of the express statutory public policy" reflected in IND. CODE § 22-7-1-2. Record at 9. This code section reads as follows:

"No worker or group of workers who have a legal residence in the state of Indiana shall be denied the right to select his or their bargaining representative in this state, or be denied the right to organize into a local union or association to exist within and pursuant to the laws of the state of Indiana: Provided, That [sic] this act shall in no way be deemed to amend or repeal any of the provisions of the National Labor Relations Act."

The state law upon which the workers rely expressly notes that its provisions may be preempted by the dictates of the NLRA.

The NLRA protects the rights of "employees" to engage in concerted activities, 29 U.S.C. § 157, and prohibits employers from interfering with the employees' exercise of those rights. 29 U.S.C. § 158. In 1947, the United States Congress passed the Taft–Hartley Amendments to the NLRA which served to restrict the definition of the term "employee" under the Act by excluding supervisors from that designation.[3] The Taft–Hartley Amendments also created certain employers' rights as reflected by the passage of 29 U.S.C. § 164(a) which states:

"Nothing herein shall prohibit any individual employed as a supervisor from becoming or remaining a member of a labor organization, but no employer subject to this subchapter shall be compelled to deem individuals defined herein as supervisors as employees for the purpose of any law, either national or local relating to collective bargaining."

After reviewing the legislative history of the Taft–Hartley Amendments, the Supreme Court concluded that "Congress' dominant purpose in amending [the NLRA] ... was to redress a perceived imbalance in labor-management relationships that was found to arise from putting supervisors in the position of serving two masters with opposed interests." *Beasley v. Food Fair of North Carolina, Inc.* (1974), 416 U.S. 653, 661–62, 94 S.Ct. 2023, 2028, 40 L.Ed.2d 443, 450. Given this intent, the Supreme Court interpreted 29 U.S.C. § 164(a) as follows:

"Thus, while supervisors are permitted to become union members, Congress sought to assure the employer of the loyalty of his supervisors by reserving in him the right to refuse to hire union members as supervisors, the right to discharge such supervisors because of their involvement in union activities or union membership, and the right to refuse to engage in collective bargaining with them." (citations omitted)

In *Beasley* supervisory workers of Food Fair sued their employer based on North Carolina's right-to-work law after the workers were terminated because of their union memberships. The Supreme Court noted that when applied to supervisory workers North Carolina's right-to-work law required North Carolina employers "to accord to the front line of management the anomalous status of employees." *Beasley* at 662, 94 S.Ct. at 2028, 40 L.Ed.2d at 450–51. Given the intent of Congress in amending the NLRA, the Supreme Court held that such a law "flout[ed] the national policy against compulsion upon employers from either federal or state agencies to treat supervisors as employees." *Id.* Therefore, the Supreme Court affirmed that 29 U.S.C. § 164(a) prohibited enforcement of North Carolina's right-to-work law on behalf of supervisory workers.

As in *Beasley*, our inquiry on appeal is "whether Congress, in addition to denying the protections of federal law to supervisors discharged for union membership [and activities], should be taken as having also precluded [the state of Indiana] ... from affording [supervisory workers] ... its state damage remedy for such discharge." *Id.* at 657, 94 S.Ct. at 2026, 40 L.Ed.2d at 448. Given the Supreme Court's holding in *Beasley*, we must conclude that the provisions of 29 U.S.C. § 164(a) dictate that Indiana not interpret the provisions of I.C. 22–7–1–2 as giving rise to a cause of action against employers who terminate supervisory workers for engaging in union activities.[4] Therefore, because the worker's alleged state statutory cause of action is preempted by federal legislation, we conclude that the trial court did not err in dismissing the worker's complaint of wrongful discharge against ATR for failure to state a claim.

ISSUE TWO

■ The workers next allege that the trial court erred in dismissing their com-

---

**3.** *See* 29 U.S.C. § 152(3) (defining employee); 29 U.S.C. 152(11) (defining supervisor). Prior to the passage of the Taft–Hartley Amendments, supervisors were considered employees under the NLRA and were thus afforded all the protections granted employees under the Act. *See*

*Packard Motor Car Co. v. NLRB* (1947), 330 U.S. 485, 67 S.Ct. 789, 91 L.Ed. 1040.

**4.** It is not disputed on appeal that the workers were supervisors or that the workers were discharged for engaging in union activities.

mon law claim of intentional infliction of emotional distress. Generally, the rule in this state is that a person can recover damages for mental anguish, or emotional distress, only when it its accompanied by, and results from, a physical injury. *Wishard Memorial Hospital v. Logwood* (1987), Ind. App., 512 N.E.2d 1126, 1127. However, there is an exception to this general rule:

> "Indiana courts have awarded compensatory damages for mental anguish unaccompanied by a physical injury in certain tort actions involving the invasion of a legal right which by its very nature is likely to provoke an emotional disturbance. False imprisonment and assault actions are examples of instances in which a disagreeable emotional experience would normally be expected to be inextricably interwined with the nature of the deliberate wrong committed, thereby lending credence to a claim for mental disturbance. The conduct of the defendant in such circumstances is characterized as being willful, callous, or malicious, which may produce a variety of reactions, such as fright, shock, humiliation, insult, vexation, inconvenience, worry, or apprehension."

*Charlie Stuart Oldsmobile, Inc. v. Smith* (1976), 171 Ind.App. 315, 327, 357 N.E.2d 247, 254.

In the present case, however, no deliberate wrong was committed. ATR's termination of the workers for engaging in union activities was an act protected as a matter of right under the NLRA. Therefore, the workers' claim of intentional infliction of emotional distress has no underlying wrong on which to rest. Absent such a wrongful act, the workers' common law claim must fail. The trial court did not err in dismissing the workers' complaint of intentional infliction of emotional distress.

Affirmed.

BAKER and MILLER, JJ., concur.