**Ernest WEST, Plaintiff,**

v.

**LTV STEEL COMPANY, A Corporation, Defendant.**

No. 2:93–CV–201–RL.

United States District Court, N.D. Indiana, Hammond Division.

Dec. 14, 1993.

Jay Ehrlich, Chicago, IL, for plaintiff.

Lawrence L. Summers, Chicago, IL, Terence M. Austgen, Munster, IN, for defendant.

## *ORDER*

LOZANO, District Judge.

This matter is before the Court on the Motion to Dismiss filed by LTV Steel Company ("LTV") on August 26, 1993. By its Motion, LTV requests this Court to dismiss Count II of Plaintiff's Complaint, which claims intentional infliction of emotional distress as a supplemental claim to Count I of Plaintiff's Complaint under Title VII of the Civil Rights Act of 1964. Being advised in the premises, this Court hereby **DENIES** LTV's Motion to Dismiss Count II of Plaintiff's Complaint.

*BACKGROUND*

This case involves claims arising from Plaintiff's discharge from employment as an employee with Defendant, LTV. Assuming the truth of Plaintiff's well-pleaded factual allegations making all inferences in Plaintiff's favor, the facts are as follows: Plaintiff, an

African American, began his employment with LTV or its predecessor in August of 1974. Plaintiff worked as a loader until he was promoted to the position of craneman. Plaintiff's position as craneman was terminated on or about June 13, 1988, when LTV removed him from that position and replaced him with a Caucasian who had less seniority. Plaintiff alleges this replacement was due to the fact that he was an African American. Plaintiff filed a complaint with the East Chicago Human Rights Commission. The Commission found probable cause, and in an attempt to reconcile the parties, it was agreed that Plaintiff would return to the position of craneman.

Plaintiff reported for his first day of reinstatement as craneman on or about January 23, 1989. On this same day a fight took place between Plaintiff and the employee who had replaced him in the position of craneman. Plaintiff alleges this fight was started by the LTV employee because of Plaintiff's race. The foreman for LTV, after hearing of the fight, called security and had Plaintiff escorted from the premises. Plaintiff was subsequently suspended.

Later at the arbitration hearing, the hearing officer upheld Plaintiff's termination from LTV. Plaintiff filed a second complaint with the East Chicago Human Rights Commission and probable cause was again found.

Plaintiff did not file a claim for worker's compensation, but filed suit in this Court on March 30, 1993, by way of his two count Complaint. Count I is brought pursuant to Title VII of the Civil Rights Act of 1964, and alleges that Plaintiff was treated in a disparate manner due to his race, that he was subjected to LTV's unfair policies and practices treating him unequally and unlike white employees similarly situated. Count II alleges intentional infliction of emotional distress. Plaintiff alleges intentional harassment by LTV through its employees which includes having a rock thrown at his crane and being attacked and provoked.

LTV in its Reply Memorandum in Support of Motion to Dismiss Count II asserts that Plaintiff has not established a recognized tort action because Indiana does not recognize the tort of intentional infliction of emotional distress in the context of an allegedly discriminatory employment action. Furthermore, LTV asserts that the Indiana Worker's Compensation Act bars the tort claim because of its exclusive remedies provisions. In Plaintiff's response to LTV's Motion to Dismiss Plaintiff argues that alleging facts constituting an assault and battery are enough to meet the requirements of a tort action for intentional infliction of emotional distress. However, Plaintiff's papers fail to address LTV's claim that the tort action is barred by the Worker's Compensation Act.

## DISCUSSION AND DECISION

### Standard of Review

 Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that, in order to maintain a motion to dismiss, the defendant must show that the plaintiff has failed to state a claim upon which relief can be granted. When deciding a motion to dismiss, this Court must assume the truth of a plaintiff's well pleaded factual allegations, making all possible inferences in the plaintiff's favor. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir.1991); *Janowsky v. United States*, 913 F.2d 393, 395 (7th Cir.1990). This Court may not dismiss the plaintiff's complaint "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also Barnhart v. United States*, 884 F.2d 295, 296 (7th Cir.1989), cert. denied, 495 U.S. 957, 110 S.Ct. 2561, 109 L.Ed.2d 743 (1990). In order to prevail, the defendants must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence". *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987).

### Intentional Infliction of Emotional Distress

LTV argues that an emotional distress claim cannot be maintained in the context of an allegedly discriminatory employment action. Furthermore, LTV states that Plaintiff has not brought a claim within Indiana's traditional "impact" exception, and therefore, Plaintiff's claim of emotional distress is not sufficient because Plaintiff has not suffered

any physical injury resulting from the emotional distress.

■ It is well settled that federal courts exercising supplemental jurisdiction over a state claim must apply the state law that would be applied by the state's highest court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The general rule in Indiana requires that physical injury accompany mental anguish in order to recover damages for a claim of intentional infliction of emotional distress. *Fox v. Terre Haute Independent Broadcasters, Inc.*, 701 F.Supp. 172, 174 (S.D.Ind.1988). However, Indiana has long recognized a claim for emotional distress when accompanied by an assault or battery. *Fox*, 701 F.Supp. at 174; *Fields v. Cummins Employees' Fed. Credit Union*, 540 N.E.2d 631, 640 (Ind.Ct.App. 1989). Battery is defined as "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such a contact, or apprehension that such a contact is imminent ..." *Fields*, 540 N.E.2d at 640. An assault creates an apprehension of a harmful or offensive contact. *Fields*, 540 N.E.2d at 640.

■ This Court finds that Plaintiff has alleged sufficient facts to state a claim for assault or battery. Plaintiff alleged a rock was thrown at his crane by an employee of LTV, and that he was attacked and provoked by an employee of LTV so that LTV would have an excuse to fire him. These two incidents are enough to allege an assault or battery. Thus, Plaintiff's claim of intentional infliction of emotional distress will not be dismissed on the basis that Plaintiff did not allege sufficient facts to withstand Indiana's adherence to the "impact" rule.

LTV next argues that even if Plaintiff has alleged a claim of intentional infliction of emotional distress, this claim is barred by the exclusive remedy provisions in the Indiana Worker's Compensation Act. Ind. Code § 22–3–2–6 provides:

> The rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 on account of personal injury or

death by accident shall exclude all other rights and remedies of such employee....

■ This section excludes all rights and remedies other than a worker's compensation claim for employees who are seeking compensatory damages against an employer when three statutory requirements are met:
1. personal injury or death by accident;
2. personal injury or death arising out of employment; and,
3. personal injury or death arising in the course of employment.

*Evans v. Yankeetown Dock Corp.*, 491 N.E.2d 969, 973 (Ind.1986); *see also The Associates Corp. of North America v. Smithley*, 621 N.E.2d 1116, 1120 (Ind.Ct.App.1993); *Perry v. Stitzer Buick*, 604 N.E.2d 613, 617 (Ind.Ct.App.1992); *Gordon v. Chrysler Motor Corp.*, 585 N.E.2d 1362, 1363 (Ind.Ct.App. 1992). Any actions which cause an employee's injury or death that do not meet these requirements are not excluded and may be pursued in the courts. *Evans*, 491 N.E.2d at 973.

■ An injury is considered to be " 'by accident' when the sufferer did not intend or expect that injury would, on that particular occasion, result from what he was doing." *The Associates Corp.*, 621 N.E.2d at 1121; *see also Evans*, 491 N.E.2d at 973; *Fields*, 540 N.E.2d at 634; *accord Hansen v. Von Duprin, Inc.*, 507 N.E.2d 573, 575 (Ind.1987) (" 'by accident' refers to an unexpected injury on a particular occasion rather than an unexpected event").

■ It is clear that the tortious conduct alleged by Plaintiff, that he was assaulted by co-workers, would be considered personal injury arising by accident as that term has been defined by the Indiana courts. *See, e.g., Evans*, 491 N.E.2d 969 (shooting death of plaintiff's decedent by mentally ill co-worker is accident within exclusive remedy provision of Worker's Compensation Act); *Hansen*, 507 N.E.2d 573 (intentional harassment of the plaintiff by a co-worker was personal injury arising "by accident" within the exclusive remedy provision of the Worker's Compensation Act); *Fields*, 540 N.E.2d 631 (sexual harassment by supervisor is personal injury "by accident").

563

As Count II of Plaintiff's Complaint alleging intentional infliction of emotional distress alleges conduct which would be considered accidental, as defined under the Indiana worker's compensation system, his exclusive remedy should be a worker's compensation action which would bar this Court from proceeding on this claim. However, "Indiana courts have carved out an exception to the rule that Ind.Code § 22–3–2–6 is the exclusive remedy for work related injuries—where the employer has intentionally injured the employee." *Tacket v. General Motors Corp. Delco Remy Div.*, 818 F.Supp. 1243, 1249 (S.D.Ind.1993) (citing *National Can Corp. v. Jovanovich*, 503 N.E.2d 1224, 1232 (Ind.Ct. App.1987)); *see also Perry*, 604 N.E.2d at 617; *Gordon*, 585 N.E.2d at 1365.

To fall within this exception, Plaintiff must prove "that the actor was the employer, one acting pursuant to the employer's direct order, or one acting as the alter ego of the corporation." *National Can Corp. v. Jovanovich*, 503 N.E.2d at 1233 n. 13. In short, it must "be proven that the employer had actual intent to cause the harm complained of." *Id.* at 1233.

Plaintiff alleges that he was attacked and provoked by employees of LTV so that LTV could invent an excuse to fire him. Furthermore, Plaintiff alleges that when an LTV employee threw a rock at his crane, LTV did not discipline or demote the worker. When reviewing a motion to dismiss, the court must accept as true the well-pleaded factual allegations of the plaintiff. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir.1991). Whether the employees of LTV acted as the alter ego of LTV or independently is a factual matter for jury resolution. *Perry*, 604 N.E.2d at 618; *Fields*, 540 N.E.2d at 636.

As he has alleged that LTV knew of and instructed its employees to discriminate against him, Plaintiff has alleged sufficient facts to survive a motion to dismiss. In order to proceed to trial, however, Plaintiff must make a showing, upon a motion for summary judgment, that there exist facts to support his claim that LTV had an actual intent to cause the harm complained of in Count II of Plaintiff's Complaint.

## CONCLUSION

Accepting as true the well-pleaded factual allegations of the Complaint and viewing them most favorably to the Plaintiff, as this Court must do on a motion to dismiss, for the foregoing reasons, LTV's Motion to Dismiss is **DENIED**.